Kenneth and Yvette **MURRAY**, Appellants,

v.

**The Personal Representatives or Successors of the ESTATE OF Rufus G. KILMER, Appellees.**

Nos. 3–782A141, 184S7.

Supreme Court of Indiana.

Jan. 6, 1984.

J. Christopher Warter, Donald Patrick, Patrick & Warter, South Bend, for appellants.

Arthur A. May, May, Oberfell, Helling, Lorber, Campiti & Konopa, South Bend, for appellees.

## PETITION TO TRANSFER

GIVAN, Chief Justice.

Appellants, the Murrays, petition for transfer to vacate an unpublished Court of Appeals memorandum decision affirming a trial court finding of summary judgment for the appellees.

The facts are these: Appellants were involved in an automobile accident with the decedent, Kilmer, on October 1, 1979. On September 23, 1981, the appellants filed a complaint against Kilmer alleging his negligence in the accident. This action was filed within the two year period governed by the statute of limitations. Service of process was obtained by certified mail. On September 25, 1981, counsel entered an appearance on behalf of Kilmer.

On October 20, 1981, after the statute of limitations had run, counsel appeared and entered a Motion to Dismiss based upon the fact that Kilmer was dead and had been so for months. Counsel contended the complaint should have been filed against the personal representative of Kilmer and failure to file against the personal representative within the two year period should result in the dismissal of the complaint. The trial court granted the Motion to Dismiss.

Appellant petitioned the trial court to appoint a personal representative and grant leave to amend the complaint. The court agreed. Appellant filed an amended complaint against the personal representative on December 31, 1981, three months after the two year limitation had run.

The personal representative answered the complaint and moved for summary judgment asserting the defense of the running of the statute of limitations. The trial court agreed and dismissed the complaint.

The Court of Appeals affirmed the trial court's finding. The Court of Appeals found, due to Kilmer's death prior to the filing of the action, no action had commenced against Kilmer. The court also found, that because no action had commenced, I.C. § 34–1–2–8 [Burns 1973] could not operate to allow an extension of five years to the statute of limitations. Lastly, the court found the appellee was not to be equitably estopped from the use of the defense of the statute of limitations due to fraud on the part of the appellee. The Court of Appeals did not reach the fraud issue on its merits but rather concluded appellants had not properly raised the issue prior to the finding of summary judgment and the issue was not now subject to review.

This Court granted transfer and the opinion of the Court of Appeals is now vacated.

Appellants filed a complaint against Kilmer for the negligent operation of a motor vehicle. At that time they had no reason to believe Kilmer was dead. The next day an agent of Kilmer's accepted service of process on behalf of Kilmer and the following day an attorney, Mr. May, appeared on behalf of Kilmer. Acceptance of service of process and filing an appearance are acts of judicial significance. Appellees maintain these acts were nullities because of Kilmer's death. While it is correct no lawyer-client or agency relationship existed, these acts were representations to the court that Kilmer was alive. This is particularly true in the case of the filing of an appearance. Whether counsel intentionally attempted to commit fraud on the court or was lacking in due diligence is a matter better left to the Disciplinary Commission. Nevertheless, his actions represented to the parties and to the court that Kilmer was alive and in a position to offer an answer to the complaint.

Two weeks later counsel maintained Kilmer was dead. The trial court allowed counsel to assert the defense that the named party in the complaint was deceased and the complaint was thus void. We believe this was error. Counsel was estopped from asserting Kilmer's death when two weeks earlier he had represented Kilmer was alive. The trial court should have treated the matter as though the action was filed against Kilmer while he was alive and that subsequently died. Appellants would then be free to amend the complaint pursuant to I.C. § 34–1–2–8 [Burns 1973].

This holding goes only to the situation in which the actions of persons purporting to represent the interests of a deceased person, by implying he is alive, lead the court and parties to innocently act accordingly. When this happens, the party so implying is estopped from later claiming benefit from his misrepresentation.

This case is remanded to the trial court for proceedings consistent with the holding in this case.

HUNTER and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result with opinion in which PRENTICE, J., concurs.

PRENTICE, J., concurs in result.

ON PETITION TO TRANSFER

DeBRULER, Justice, concurring in result.

Appellants argue that their amended complaint was timely filed because the limitation period was extended by Ind.Code § 34–1–2–8 which provides:

"If, after the commencement of an action, the plaintiff fails therein, from any cause except negligence in the prosecution, or the action abate, or be defeated by the death of a party, or judgment be arrested or reversed on appeal, a new action may be brought within five (5) years after such determination, and be deemed a continuation of the first, for the purposes herein contemplated."

I agree with the opinion of the Court of Appeals in *Ware v. Waterman*, (1969) 146 Ind.App. 237, 253 N.E.2d 708, and the dissenting opinion in *Martin v. Levinson*, (1980) Ind.App., 409 N.E.2d 1239, that an action is commenced within the meaning of this statute, when a complaint is filed as contemplated by Ind.R.Tr.P. 3. Here the complaint was filed within the two year statute of limitation. At that point, though the named defendant was then dead, the requirement of the statute for extending the time for further actions for five years was satisfied. Appellants did then commence their subsequent action against the personal representative within that five year period. The filing of a complaint is the beginning of the legal process. The plaintiff has in the usual case acquired a lawyer who has prepared a written complaint, paid filing fees and has gotten the ball rolling. This is the kind of demonstration of purpose and resolution to prosecute a claim in court which the Legislature had in mind should toll or extend a statute of limitation.

PRENTICE, J., concurs.