Charles **BAKER** and Vivian Baker, Appellants (Plaintiffs Below),

v.

Arthur P. **ROE**, d/b/a Roe Motor Sales and Auto–Owners Insurance Company and Estate of Arthur P. Roe, Deceased; Tye Trine, Personal Representative, Appellees (Defendants Below).

No. 34A02–9003–CV–151.[1]

Court of Appeals of Indiana, First District.

March 11, 1991.

1. This case was reassigned to this office on January 2, 1991.

James D. Andrews, Kokomo, for appellants.

Tom F. Hirschauer, Logansport, for appellees.

ROBERTSON, Judge.

Charles and Vivian Baker appeal the summary judgment entered against them in their personal injury suit against Arthur P. Roe, d/b/a Roe Motor Sales, Auto–Owners Insurance Company, and Estate of Arthur P. Roe, Deceased; Tye Trine, Personal Representative. We affirm in part and reverse in part.

FACTS

On June 2, 1986, the Bakers were involved in an automobile accident with Roe. On June 6 and July 8 of 1986, the adjuster of the Auto–Owners Insurance Company contacted the Bakers by letter with regard to settlement negotiations.

Roe died August 13, 1986 from an unrelated cause. On September 18, 1986, Tye Trine, as Roe's Personal Representative, opened Roe's estate for inheritance tax purposes only.

Nevertheless, settlement negotiations continued. The Bakers' attorney contacted Auto–Owners by letter on January 27, 1987 and September 14, 1987 regarding settlement negotiations—unaware of Roe's death. Auto–Owners sent Bakers' attorney a letter dated April 27, 1987 regarding settlement negotiations—but did not advise the Bakers or their attorney of Roe's death.

The Bakers filed the present lawsuit against Roe on June 1, 1988. The Bakers were unaware of Roe's death until December 1, 1988.

The Bakers amended their complaint to include Auto–Owners on December 29, 1988. They again amended their complaint on June 1, 1989 to include Roe's Personal Representative, Tye Trine.

DECISION

Initially, we must set out the well-settled standard for summary judgment. The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law. *Bassett v. Glock* (1977), 174 Ind.App. 439, 368 N.E.2d 18. When we review a motion for summary judgment, we apply the same standard as that employed by the trial court. *King v. Bartholomew County Hosp.* (1985), Ind. App., 476 N.E.2d 877, *trans. denied.* Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, admissions; affidavits, and testimony, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* Any doubt as to the existence of a genuine issue of material fact must be resolved against the party moving for summary judgment. *Peterson v. Culver Educational Foundation* (1980), Ind.App., 402 N.E.2d 448. For purposes of determining if summary judgment is appropriate, a fact is said to be material if its existence facilitates the resolution of any of the issues involved. *Anderson v. State Farm Mut. Auto Ins. Co.* (1984), Ind.App., 471 N.E.2d 1170. Summary judgment is appropriate when there is no dispute or conflict regarding facts which are dispositive of the dispute. *Madison County Bank & Trust Co. v. Kreegar* (1987), Ind., 514 N.E.2d 279. Summary judgment is a lethal weapon and

courts must be mindful of its aims and targets and beware of overkill in its use. *Mayhew v. Deister* (1969), 144 Ind.App. 111, 244 N.E.2d 448.

At the outset we note that the Bakers concede that summary judgment was appropriately entered in favor of Auto–Owners. They admit that an injured party may not appropriately bring a suit based on a contract theory directly against the liability insurer. *Citing Martin v. Levinson* (1980), Ind.App., 409 N.E.2d 1239, *trans. denied.* Therefore, we affirm the trial court's entry of summary judgment in favor of Auto–Owners.[2]

■ The Bakers assert—and we agree—that the Journey's Account Statute, IND. CODE 34–1–2–8, saves their claim. It reads:

> If, after the commencement of an action, the plaintiff fails therein, from any cause except negligence in the prosecution, or the action abate, or be defeated by the death of a party, or judgment be arrested or reversed on appeal, a new action may be brought within five [5] years after such determination, and be deemed a continuation of the first, for purposes herein contemplated.

The Journey's Account Statute is designed to ensure that the diligent suitor retains the right to a hearing in court until he receives a judgment on the merits. *Vesolowski v. Repay* (1988), Ind., 520 N.E.2d 433. Its broad and liberal purpose is not to be frittered away by narrow construction. *Id.*

In order to claim the saving power of the Journey's Account Statute, a plaintiff must satisfy three conditions. First, he or she must have filed his or her original cause of action timely. *Id.* Also, the decision ending the original action must not have been on the merits. *Id.* Finally, the plaintiff must meet one of the four conditions set

forth in the Journey's Account Statute as follows:

1) the plaintiff fails from any cause except negligence in the prosecution;

2) the action abated;

3) the action is defeated by the death of a party; or

4) judgment is arrested or reversed on appeal.

520 N.E.2d at 435.

The Bakers satisfy the timeliness requirement. They filed their claim June 1, 1988—within two years of the accident. An action brought after the death of the party against whom the cause existed shall be prosecuted as other claims against the decedent's estate. IND.CODE 34–1–1–1. Claims against a decedent's estate must be brought within the time provided by IND. CODE 29–1–14–1(f) which reads:

> Nothing in this section shall affect or prevent the enforcement of a claim for injury to person or damage to property arising out of negligence against the estate of a deceased tort feasor within the period of the statute of limitations provided for the tort action.

The Bakers' claim against Roe was filed within the two year general statute of limitations, IND.CODE 34–1–2–2, applicable to negligence actions. Therefore, their action was timely filed for purposes of the Journey Account Statute.

■ The Bakers are also qualified to invoke the Journey's Account Statute because the trial court dismissed their original complaint without reaching the merits. The trial court found that the Baker's claims were not timely filed under Ind.Code 29–1–14–1 and Ind.Code 34–1–2–7—apparently because the Bakers failed to open (or reopen) the estate as required under those statutes.[3]

---

**2.** However, the first district has held that injured parties may maintain an action directly against the defendant's insurance carrier under a third party beneficiary theory. *Snow v. Bayne* (1983), Ind.App., 449 N.E.2d 296. Regardless of the status of the law, we in no way intend to absolve Auto–Owners of any responsibility it may have under Roe's contract of insurance to defend and indemnify Roe or his estate.

**3.** A conflict in authority exists as to whether the Journey's Account Statute will save a claim that has failed through negligence in its prosecution. In *Vesolowski, supra,* our supreme court clearly held that a claim that otherwise would be saved by the statute because it met one of the specific situations described therein would not be defeated by negligence in its prosecution. How-

The final question is whether the Bakers meet one of the four situations described by the Journey's Account Statute. *Vesolowski*, 520 N.E.2d 433. The third situation described by the statute occurs when the action is defeated by the death of a party. *Id.* Clearly, the Bakers' claim was defeated by Roe's death—exactly one of the situations described by the Journey's Account Statute. Therefore, the Bakers' claim survives.

In so holding, we agree with P.J. Garrard's dissenting opinion in *Martin v. Levinson* (1980), Ind.App., 409 N.E.2d 1239, *trans. denied.* The *Martin* case is remarkably factually similar to the case in bar. In his dissenting opinion, P.J. Garrard stated that he believed the Journey's Account Statute would save an action commenced within the appropriate two (2) year period although the named defendant was in fact deceased at the time. He noted that the "action was literally 'defeated by the death of a party.'" 409 N.E.2d at 1246.

Not surprisingly, the defendants in the present case urge us to follow the *Martin* majority opinion and affirm the trial court. However, in *Zambrana v. Anderson* (1990), Ind.App., 549 N.E.2d 1078, we noted—through the voice of Judge Garrard—that *Martin* should be reexamined in light of our supreme court's decision in *Vesolowski, supra.* Also, Justice DeBruler stated in his concurring opinion in *Murray v. Estate of Kilmer* (1984), Ind., 457 N.E.2d 562,

that he agreed with Judge Garrard's dissent in *Martin* with respect to the application of the Journey's Account Statute. 457 N.E.2d at 564. We agree with Judge Garrard and Justice DeBruler and hold that—to the extent *Martin* is inconsistent with *Vesolowski*—it no longer represents valid precedent.

We hold the Bakers' claim is saved by the Journey's Account Statute because it clearly meets the three step test set forth in *Vesolowski*. Therefore, we reverse.

We affirm the trial court's entry of summary judgment in favor of Auto–Owners. We reverse in all other respects.

BUCHANAN, J., concurs.

HOFFMAN, P.J., concurs in part and dissents in part with separate opinion.

HOFFMAN, Presiding Judge, concurring and dissenting.

I concur with the majority's decision to affirm the trial court's entry of summary judgment in favor of Auto–Owners, but I respectfully dissent from the majority's decision to reverse in all other respects.

In support of its decision, the majority relies in large part on *Vesolowski v. Repay* (1988), Ind., 520 N.E.2d 433, and *Zambrana v. Anderson* (1990), Ind.App., 549 N.E.2d 1078. However, these cases are clearly distinguishable from the instant case. *Vesolowski* was a medical malpractice action and did not involve a deceased

---

ever, in *Zambrana v. Anderson* (1990), Ind.App., 549 N.E.2d 1078, our third district held that the Journey's Account Statute would not save an action defeated by negligence in its prosecution.

We believe that we are bound by our supreme court's decision in *Vesolowski* which makes a negligence determination unnecessary. Nevertheless, we believe that the *Zambrana* decision more accurately interprets the unambiguous language of I.C. 34–1–2–8. Thus, we will briefly discuss the issue of negligence with respect to the Bakers' pursuit of their claim.

We do not believe the Bakers were negligent in pursuing their claim. The trial court found their claim was barred because they failed to comply with the statutes governing claims brought against decedent's estates, I.C. 29–1–14–1 and I.C. 34–1–2–7. Because Roe died approximately 2½ months after the accident, I.C. 34–1–2–7 would not have served to extend the general limitation period for bringing the suit.

Therefore, to be in compliance with the statutes, the Bakers would have had to have filed their suit against Roe's estate—which may have involved petitioning for the appointment of a personal representative—within two years of the accident.

However, the Bakers did not have knowledge of Roe's death until long after the two years had run. Roe's estate—which was opened "for inheritance tax purposes only" did not notify the Bakers. Auto–Owners continued to engage in settlement negotiations long after Roe's death without advising the Bakers of Roe's demise. The Bakers filed suit against Roe within the two year general statute of limitations without knowledge of Roe's death. We believe that—under the circumstances—the Bakers have been diligent in pursuing their claim and were not negligent in failing to comply with the statutes regarding the bringing of claims against a decedent's estate.

defendant. *Zambrana*, on the other hand, did involve a deceased defendant; however, the plaintiff was aware of the defendant's death *prior to* the expiration of the statute of limitations. Because these cases are factually dissimilar to the instant case, the majority's reliance upon them is misplaced.

A case which *is* factually similar to the instant case is *Martin v. Levinson* (1980), Ind.App., 409 N.E.2d 1239. In that case, the complaint against the defendant failed because of his death and, thus, no action was commenced for purposes of the Journey's Account Statute. Even assuming an action was commenced with the filing of the complaint, the instant defendant died *prior to* the filing. The five-year extension of limitation in the statute applies only when a party dies *after* the commencement of an action. *See* IND.CODE § 34–1–2–8. I would affirm the trial court in all respects.