Teresa K. COMER, Appellant–Plaintiff,

v.

Pratap GOHIL, Appellee–Defendant.

No. 34A02–9508–CV–455.

Court of Appeals of Indiana.

April 30, 1996.

Dan J. May, Kokomo, for Appellant.

Frederick Wm. LaCava, Daniel J. Buba, The LaCava Law Firm, Indianapolis, for Appellee.

## OPINION

ROBERTSON, Judge.

Teresa K. Comer appeals the dismissal and adverse summary judgment entries which have terminated her medical malpractice action against Pratap Gohil, D.P.M. Shortly before the expiration of the statute of limitations, Comer filed her complaint in the Howard Superior Court simultaneously with her filing, by certified mail, of her proposed complaint with the Department of Insurance as required under the Indiana Medical Malpractice Act. However, Comer had affixed insufficient postage to the envelope containing her proposed complaint, having used a twenty-nine cent stamp to mail eight pages of documents along with a check for the filing fee. The Department of Insurance refused to pay the twenty-three cents postage due and the post office returned the filing to Comer. By the time Comer had refiled her proposed complaint by certified mail with sufficient postage affixed, the two year medical malpractice statute of limitations had run.

Dr. Gohil filed an independent action in the Marion Superior Court and ultimately obtained summary declaratory judgment on the basis that Comer had failed to file a proposed complaint within the statutory period. Gohil also obtained a dismissal of Comer's action filed in the Howard Superior Court on essentially the same basis.

Within ten days of the dismissal of the Howard County action, Comer filed an amended complaint requesting damages in an amount no greater than $15,000.00 pursuant to Ind.Code 27–12–8–6 which provides that under the Medical Malpractice Act, a proposed complaint need not be filed with the Department of Insurance where the plaintiff seeks an award of damages no more than $15,000.00. The Howard Superior Court dismissed Comer's amended complaint

and this appeal ensued. The two lawsuits have been consolidated for the purposes of this appeal.

Comer raises twelve issues which we restate and consolidate into four. We reverse and remand with instructions that the Howard Superior court reinstate Comer's amended complaint. In all other respects, we affirm.

## FACTS

The facts in the light most favorable to the nonmovant Comer reveal that, in early 1992, she consulted with Dr. Gohil regarding pain in her foot. On January 22, 1992, Gohil performed surgery on Comer's foot to remove a needle that had been embedded in Comer's foot since childhood. Comer's foot did not get better and she continued to receive treatments from Dr. Gohil.

In April of 1992, Comer consulted with another physician who determined that Dr. Gohil had failed to remove all of the needle from Comer's foot. Nevertheless, Comer continued to obtain treatment from Dr. Gohil until September of 1992.

Comer's claim of medical malpractice is based upon the January 22, 1992, surgery. Additional facts are supplied as necessary.

## DECISION

### I.

whether Comer's filing of her proposed complaint by certified mail was effective even though she had failed to affix sufficient postage to the envelope.

■ A medical malpractice action may not be brought against a health care provider unless the claim is filed within two years after the occurrence of the alleged malpractice. Ind.Code 27–12–7–1(a); *Cacdac v. Hiland,* 561 N.E.2d 758, 759 (Ind.Ct.App.1990). Moreover, a medical malpractice action may not be brought against a health care provider until the claimant's proposed complaint has been presented to a medical review panel established under Indiana's Medical Malpractice Act and an opinion has been issued by the panel. I.C. 27–12–8–4; *Putnam County Hospital v. Sells,* 619 N.E.2d 968, 970 (Ind.

Ct.App.1993) (Submission of a proposed complaint to the medical review panel is a condition precedent to filing a medical malpractice claim). The proper course of action when the plaintiff fails to submit a proposed complaint to the medical review panel before filing a complaint in trial court is for the trial court to dismiss the complaint without prejudice allowing plaintiff to refile after the medical review panel has issued its opinion. *St. Anthony Medical Center, Inc. v. Smith,* 592 N.E.2d 732, 736 (Ind.Ct.App.1992), *trans. denied.*

A proposed medical malpractice complaint is considered filed *when mailed* by certified mail to the Commissioner of the Department of Insurance. I.C. 27–12–7–3. The filing of a proposed complaint with the medical review panel tolls the applicable statute of limitations until 90 days following receipt by claimant of the opinion of the panel's decision. I.C. 27–12–7–3(a); *Jordan v. Deery,* 609 N.E.2d 1104, 1107 (Ind.1993).

■ The statutory procedures for bringing a medical malpractice action are in derogation of common law. As such, they are to be strictly construed against limiting a claimant's right to bring suit. *See Wallis v. Marshall County Commissioners,* 546 N.E.2d 843, 844 (Ind.1989) ("filing" of notice requirement of Indiana's Tort Claims Act). *See also, Galbreath v. City of Indianapolis,* 253 Ind. 472, 255 N.E.2d 225, 229 (1970) (No need to endorse a policy creating a trap for the unwary where the purpose of the notice requirement of the Tort Claims Act has been satisfied).

Nevertheless, the case of *Boostrom v. Bach,* 622 N.E.2d 175 (Ind.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 318, 130 L.Ed.2d 279, guides our analysis. In *Boostrom,* the plaintiff attempted to file a complaint in small claims court by certified mail, as permitted under Ind.Trial Rule 5(E), the day the statute of limitations on her claim was to run. However, the plaintiff neglected to include the filing fee with her complaint. Our supreme court held that where the plaintiff had omitted the filing fee, her small claims court complaint was not "filed" under T.R. 5(E), and therefore, the statute of limi-

tations on her action had not been tolled by the mailing of her complaint. *Id.* at 176–177. In so holding, the *Boostrom* court noted that the payment of the filing fee was a matter wholly in the hands of the plaintiff. *Id.* at 177.

■ The same result obtains in the present case. Comer attempted to mail 8 pages of documents and a check with one 29 cent stamp—obviously an insufficient amount of postage. As affixing a sufficient amount of postage to the envelope was a matter wholly in Comer's hands, we hold that Comer's proposed medical malpractice complaint was not "filed" under I.C. 27–12–7–3. Accordingly, as Comer's postage due mailing did not achieve "filing," the statute of limitations on her medical malpractice action was not tolled by operation of I.C. 27–12–7–3(a) and her action was time-barred.

## II.

whether Comer's filing was timely because the statute of limitations was tolled by the doctrine of fraudulent concealment.

As noted above, Comer asserts that Dr. Gohil committed malpractice when he performed surgery on her foot on January 22, 1992. The pain in Comer's foot did not subside and she remained under Dr. Gohil's care and continued to receive treatments from him. However, in April of 1992, Comer consulted with Dr. Palmer and discovered that Dr. Gohil had failed to remove all of the needle that had been embedded in her foot. Comer argues that the statute of limitations on her medical malpractice claim was tolled under the doctrine of fraudulent concealment citing, among other cases, *Weinberg v. Bess,* 638 N.E.2d 841 (Ind.Ct.App.1994). Thus, Comer argues that when she filed her proposed complaint with sufficient postage affixed some 21 months after she had discovered that Dr. Gohil had failed to remove all of the needle from her foot, the filing was timely. We disagree.

■ Under the doctrine of fraudulent concealment, the plaintiff does not have two full years from the discovery of the alleged malpractice in which to file a claim. *Yarnell v. Hurley,* 572 N.E.2d 1312, 1315 (Ind.Ct.App.

1991), *trans. denied; Cyrus v. Nero,* 546 N.E.2d 328, 330 (Ind.Ct.App.1989). Instead, the law imposes the responsibility upon the plaintiff to institute her action within a reasonable time after discovering the alleged malpractice. *Id.* Therefore, even if the doctrine of fraudulent concealment operates to toll the statute of limitations, equitable relief will be denied if the plaintiff fails to exercise due diligence in filing her claim after the equitable grounds cease to justify the plaintiff's delay. *Id.*

■ As noted above, Comer delayed filing against Gohil over 21 months after she had learned that he failed to remove the needle from her foot. This court has found similar delays to be unreasonable. *Yarnell* (21 months); *Cyrus* (22 months); *Spoljaric v. Pangan,* 466 N.E.2d 37, 45 (Ind.Ct.App.1984) (over a year), *trans. denied.* Comer's delay of over 21 months was unreasonable and, therefore, the doctrine of fraudulent concealment does not save her claim.

## III.

whether the trial court erred by dismissing Comer's amended complaint in which she alleged that she sought no more than $15,-000.00 in damages.

Comer filed her original medical malpractice complaint in the Howard Superior Court on January 18, 1994, within two years of Dr. Gohil's alleged negligence. Comer did not allege a specific dollar amount of damages. As noted above, Dr. Gohil filed an independent action for declaratory judgment in the Marion Superior Court as well as moved for the dismissal of Comer's action in the Howard Superior Court on the basis that Comer had failed to file her proposed complaint with the Department of Insurance in a timely manner.

Within ten days of the dismissal of the Howard County action, Comer filed an amended complaint requesting an award of damages in an amount no greater than $15,-000.00 based on Ind.Code 27–12–8–6 which provides that a plaintiff may institute a medical malpractice lawsuit without submitting a proposed complaint to a medical review panel

if the patient's pleadings contain a declaration that she seeks no more than $15,000.00 in damages. *Albright v. Pyle,* 637 N.E.2d 1360, 1363 (Ind.Ct.App.1994). Upon Dr. Gohil's motion, the action was again dismissed.

▮ A party may amend her pleading once as a matter of course at any time before a responsive pleading is served. Ind.Trial Rule 15(A); *Arnold v. Dirrim,* 398 N.E.2d 426, 437 (Ind.Ct.App.1979). Where no responsive pleading to the original complaint has been filed, the plaintiff has a right to amend her complaint and there is no need to seek the permission of the trial court. *Id.* A motion to dismiss does not qualify as a responsive pleading for the purposes of the trial rule. *Hill v. City of Indianapolis,* 17 F.3d 1016, 1018 (7th Cir.Ind.1994); W. Harvey, Indiana Practice 15.1 (1996 Supp.)[1] An amendment relates back to the date of the original pleading. T.R. 15(C).

▮ In the present case, Dr. Gohil had not filed a responsive pleading in Comer's Howard County action. Accordingly, Comer had the right to amend her complaint. As the amended complaint contained a statement that Comer sought damages in an amount no more then $15,000.00, she was not required to file a proposed complaint with

the Department of Insurance. As Comer's amended complaint related back to the date of the original complaint, it was not subject to dismissal and we must reverse and remand with instructions that Comer's Howard County lawsuit be reinstated and permitted to proceed on the amended complaint.[2]

## IV.

whether Comer was prejudiced by the failure of both trial courts to rule on certain motions.

As noted above, the proceedings before both courts became rather complex. Comer filed various motions in the Marion Superior Court including a motion to strike, a motion to dismiss, and an amended motion to dismiss or consolidate the Marion County action with the Howard County action. Comer cites *Isler v. Isler,* 422 N.E.2d 416 (Ind.Ct. App.1981) for the proposition that a trial court's failure to dispose of substantive issues is grounds for appellate relief.

We hold that all the substantive matters were disposed of in the proceedings below. Therefore, we find no reversible error in any perceived omissions committed by either trial court. *See* Ind.Trial Rule 61.

---

1. Professor Harvey observed that the statement in *Alberts v. Mack Trucks, Inc.,* 540 N.E.2d 1268, 1272 (Ind.Ct.App.1989), *trans. denied,* to the effect that the plaintiff did not have the right to amend his complaint after it had been dismissed is incorrect because a motion is not a responsive pleading. Harvey at § 15.1 (1996 Supp.).

2. The multiple lawsuit procedural posture of the present case does not alter the result reached herein. Dr. Gohil's institution of the action for declaratory judgment in the Marion Superior Court does not somehow deprive Comer of her right to amend her Howard County complaint.

The Howard Superior Court ruled that the Marion Superior Court action was the first case to obtain jurisdiction as Comer's original complaint had been subject to dismissal due to her failure to obtain an opinion from the medical review panel. The Howard Superior Court dismissed Comer's amended complaint under Ind.Trial Rule 12(B)(8) on the basis that the same action was already pending in the Marion Superior Court.

As noted above, Dr. Gohil obtained summary judgment in the Marion Superior Court on the basis of Comer's failure to file her proposed complaint with the Department of Insurance in a

timely manner. Ordinarily, a plaintiff is not entitled to amend her complaint as a matter of right after a disposition by summary judgment. *Mishler v. Elkhart County,* 521 N.E.2d 693, 698 (Ind. Ct.App.1988), *vacated on other grounds,* 544 N.E.2d 149, Harvey, *Indiana Practice* 15.1 (1996 Supp.).

Nevertheless, even if we were to hold that ·Comer was required to seek leave of court to amend her Howard County complaint, we would hold that the trial court's refusal to permit the amendment constituted an abuse of discretion. *See Palacios v. Kline,* 566 N.E.2d 573 (Ind.Ct. App.1991). Amendments to pleadings are to be liberally allowed in order that all issues involved in a lawsuit are presented to the jury. *Id.* at 575. Indiana's notice pleading merely requires that the plaintiff plead the operative facts so as to place the defendant on notice as to the evidence to be presented at trial. *Id.* at 576; Ind.Trial Rule 8(A). Comer initiated the present medical malpractice action in the Howard Superior Court within the statute of limitations. Dr. Gohil was properly put on notice of the nature of Comer's claim and cannot demonstrate any prejudice in Comer's failure to plead that she sought no more than $15,000.00 in damages in her original complaint.

## CONCLUSION

We reverse and remand with instructions that Comer's amended complaint be reinstated in the Howard Superior Court. In all other respects, we affirm.

BAKER and NAJAM, JJ., concur.