Jerry MAYFIELD and Wilma Mayfield, Appellants–Plaintiffs,

v.

CONTINENTAL REHABILITATION HOSPITAL OF TERRE HAUTE, Appellee–Defendant.

No. 84A01–9706–CV–185.

Court of Appeals of Indiana.

Jan. 23, 1998.

Leonidas G. Condos, Indianapolis, for Appellants–Plaintiffs.

Mary K. Reeder, Michael P. Dugan, Riley Bennett & Egloff, Indianapolis, for Appellee–Defendant.

## OPINION

BAKER, Judge.

Plaintiffs-appellants Jerry and Wilma Mayfield appeal the grant of summary judgment in favor of defendant-appellee Continental Rehabilitation Hospital of Terre Haute (Hospital). Specifically, the Mayfields contend that the Journey Account Statute permitted them to file their medical malpractice action despite their failure to file a proposed complaint with the Department of Insurance within the statute of limitations. In the alternative, they contend that the statute of limitations prescribed by the Indiana Medical Malpractice Act is unconstitutional.

## FACTS

On April 7, 1994, Jerry Mayfield, while a patient at the Hospital, wandered off hospital grounds in a disoriented state. When Jerry was found later that day, the "halo" which he had been wearing to protect his head and neck had become loose, resulting in the aggravation of his preexisting injuries. On April 8, 1996, the Mayfields timely filed a complaint in the Vigo Superior Court No. 1 alleging that the Hospital negligently failed to implement security procedures to prevent Jerry from wandering away. In response, the Hospital filed a motion to dismiss contending that the Mayfields failed to file their complaint with the Department of Insurance as required by the Indiana Medical Malpractice Act. On August 19, 1996, the trial court granted Hospital's motion and dismissed the Mayfields' complaint.

Thereafter, the Mayfields filed a motion to amend their complaint to reflect that they were willing to restrict their recovery to an amount not greater than $15,000.00 pursuant to IND.CODE § 27–12–8–6 which provides that no proposed complaint need be filed with the Department of Insurance when plaintiff claims an amount not greater than $15,000.00. The trial court, however, denied the Mayfields' motion to amend their complaint, and again ordered the lawsuit dismissed.[1]

On September 10, 1996, the Mayfields filed a proposed complaint with the Department of Insurance. On January 14, 1997, the Hospital filed the present lawsuit in the Vigo Superior Court No. 3 requesting the preliminary determination of law that the proposed complaint was time-barred. The Hospital ultimately obtained summary judgment, and, this appeal ensued.

## DISCUSSION AND DECISION

■ The defense of a statute of limitations is peculiarly suitable as a basis for summary judgment. *A.M. v. Roman Catholic Church*, 669 N.E.2d 1034, 1037 (Ind.Ct. App.1996), *trans. denied*. The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law. *Hermann v. Yater*, 631 N.E.2d 511, 513 (Ind.Ct.App.1994). The burden is on the moving party to show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). The trial court's decision on a motion for summary judgment enters the process of appellate review clothed with a presumption of validity. *Stephenson v. Ledbetter*, 596 N.E.2d 1369, 1371 (Ind.1992). Nevertheless, the reviewing court faces the same issues that were before the trial court and must carefully scrutinize the trial court's determination to assure that the non-prevailing party was not improperly prevented from having his day in court. *Id.* The appellate court is not limited to reviewing the trial court's reasons for granting summary judgment, but will affirm a grant of summary judgment if it is sustainable on any theory or basis found in the record. *Id.*

■ A medical malpractice action may not be brought against a health care provider unless the claim is filed within two years after the occurrence of the alleged malpractice. Ind.Code 27–12–7–1; *Comer v. Gohil*, 664 N.E.2d 389, 391 (Ind.Ct.App.1996), *trans. denied*. Moreover, under Indiana's Medical Malpractice Act, a medical malpractice action may not be brought against a health care provider until the claimant's proposed complaint has been filed with the Department of Insurance and an opinion has been issued by a medical review panel. *Id.*; I.C. 27–12–8–4; *Putnam County Hospital v. Sells*, 619 N.E.2d 968, 970 (Ind.Ct.App.1993) (Submission of a proposed complaint to the medical

---

1. Although, the record reveals that no appeal was initiated or perfected from the judgment of Superior Court No. 1, had the Mayfields perfected an appeal of that judgment, we would have reversed and remanded with instructions that the lawsuit be permitted to proceed on the amended complaint. *See Comer v. Gohil*, 664 N.E.2d 389, 392–93 (Ind.Ct.App.1996) (Amended medical malpractice complaint restricting recovery to $15,000.00 not amenable to dismissal because it related back to the date of the original complaint under Ind.Trial Rule 15(C)), *trans. denied*. Under these circumstances, the Hospital's complaint filed later in Superior Court No. 3 would have been amenable to dismissal under Ind.Trial Rule 12(B)(8). *Id.* (Clarified in memorandum decision on rehearing).

review panel is a condition precedent to filing a medical malpractice claim). Therefore, the failure to file a proposed complaint with the Department of Insurance within two years is ordinarily fatal to a medical malpractice lawsuit. *Comer,* 664 N.E.2d at 392.

### I. Journey Account Statute

 The Mayfields argue that the Journey Account Statute operates to permit them to reinstate their complaint after having filed their untimely proposed complaint with the Department of Insurance. Under certain circumstances, the Journey Account Statute will permit a plaintiff to reinstate a lawsuit which has suffered procedural default and have the lawsuit considered a continuation of the original action. I.C. § 34–1–2–8; *Baker v. Roe,* 567 N.E.2d 838, 840 (Ind.Ct.App. 1991). The purpose of the statute is to preserve the right of a *diligent* suitor to pursue a judgment on the merits. *Id.* The Journey Account Statute reads in pertinent part as follows:

(a) This section applies if a plaintiff commences an action and the plaintiff fails in the action from any cause except:

(1) *negligence in the prosecution of the action;*

I.C. § 34–1–2–8 (Emphasis added). However, as stated in the emphasized language set out above, the statute will not save an action defeated by negligence in the prosecution. *See Zambrana v. Anderson,* 549 N.E.2d 1078, 1081 (Ind.Ct.App.1990).[2]

 In the present case, the Mayfields filed their malpractice complaint in court within two years. We can conceive of no reason, other than negligence, why the Mayfields could not have filed their complaint with the Department of Insurance within that period. Therefore, we must conclude that the Journey Account Statute will not apply to reinstate the present claim because it failed due to negligence in the prosecution.

### II. Whether the "Occurrence" Statute of Limitations is Unconstitutional

The Mayfields argue that the cause of action is not time-barred because the statute of limitations prescribed for medical malpractice actions, I.C. § 27–12–7–1, was declared unconstitutional in *Martin v. Richey,* 674 N.E.2d 1015 (Ind.Ct.App.1997), *trans. pending; See also, Harris v. Raymond,* 680 N.E.2d 551 (Ind.Ct.App.1997), *trans. pending; But see, Johnson v. Gupta,* 682 N.E.2d 827 (Ind.Ct.App.1997), *trans. pending.* As the Mayfields contend, the *Martin* court held that the medical malpractice "occurrence" statute of limitations was unconstitutional, and, held further that medical malpractice actions should accrue in the same manner as other causes of action, that is, upon the plaintiff's "discovery" of his cause of action. *Id.* at 1027. Nevertheless, a determination that the "occurrence" statute of limitations is unconstitutional is not necessary in the present case because the Mayfields' claim is time-barred even under the discovery rule. *See Town of Beverly Shores v. Bagnall,* 590 N.E.2d 1059, 1063 (Ind.1992) (Courts will not decide constitutional issues when a case can be decided on other grounds).

 Under Indiana's discovery rule, a cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew, or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another. *Doe v. United Methodist Church,* 673 N.E.2d 839, 842 (Ind.Ct.App. 1996), *trans. denied.* For a cause of action to accrue, it is not necessary that the full extent of the damage be known or even ascertainable, but only that some ascertainable damage has occurred. *Id.* The determination of when a cause of action accrues is a question for the court. *Id.*

 As noted above, the Mayfields alleged that the Hospital committed malpractice on April 7, 1994 by failing to prevent him

---

**2.** We have previously observed that our supreme court held in *Vesolowski v. Repay,* 520 N.E.2d 433, 435–36 (Ind.1988), that, despite statutory language to the contrary, a claim which could be reinstated under the previous version of the Journey Account Statute would not be defeated by negligence in the prosecution. *Baker v. Roe,* 567 N.E.2d 838, 840–41 n. 3 (Ind.Ct.App.1991). In 1993, our legislature amended the Journey Account Statute to clarify that it would not save an action which had failed due to negligence in the prosecution. P.L. 239–1993 (As set out above).

from wandering away from the Hospital and in permitting his protective halo from becoming loose during the incident, resulting in the aggravation of his preexisting injuries. At that point, the Mayfields (or at least Wilma) knew, or in the exercise of ordinary diligence could have discovered, the cause of action against the Hospital. Accordingly, the Mayfields' claim accrued on April 7, 1994, under an application of either the occurrence or discovery rules. Therefore, the trial court correctly concluded that the Mayfields' claim was barred due to their failure to file a proposed complaint with the Department of Insurance before the expiration of the two-year statute of limitations. *See Comer*, 664 N.E.2d at 392.

Judgment affirmed.

NAJAM and RILEY, JJ., concur.