

FILED

Jan 19 2017, 7:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Chad J. Bradford
O'Bryan, Brown and Toner, PLLC
Indianapolis, Indiana

Karl L. Mulvaney
Jessica Whelan
Bingham Greenebaum Doll LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Gerald B. Coleman
Coleman Stevenson, LLP
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dermatology Associates, P.C. and Sonya Campbell Johnson, M.D., | January 19, 2017 |
| *Appellants-Petitioners,* | Court of Appeals Case No. 49A02-1512-PL-2189 |
| v. | Appeal from the Marion Superior Court |
| Elizabeth C. White, | The Honorable David J. Dreyer, Judge |
| *Appellee-Respondent,* | Trial Court Cause No. 49D10-1506-PL-18385 |
| v. | |
| Commissioner of Indiana Department of Insurance, and Douglas J. Hill, Esq., Medical Review Panel Chair, | |
| *Third Party Defendants.* | |

**Robb, Judge.**

# Case Summary and Issue

[1] On September 7, 2012, Elizabeth White visited Dr. Sonya Campbell Johnson at Dermatology Associates, P.C. (collectively, the "Providers"), for laser hair removal on her face. Due to a reaction between the makeup White was wearing and the treatment, part of White's face was burned and remained discolored thereafter. In 2013, White filed a complaint for medical negligence against the Providers directly with the trial court, seeking damages in an amount not greater than $15,000 for her injury. Later, White moved to dismiss that complaint. The trial court granted the motion to dismiss without prejudice, and on November 18, 2014, White filed a proposed complaint with the Indiana Department of Insurance. The Providers filed a petition for preliminary determination and a motion for summary judgment alleging White failed to timely file her claim with the Department of Insurance. The trial court denied the motion for summary judgment but certified its order for interlocutory appeal. The Providers raise one restated issue for our review: whether the trial court erred in denying their motion for summary judgment. Concluding the statute of limitations bars White's action and the Providers are entitled to judgment as a matter of law, we reverse.

# Facts and Procedural History

[2] White went to the offices of Dermatology Associates on September 7, 2012, for a laser hair removal procedure on her face. A few minutes after Dr. Johnson began performing the procedure, she stopped and asked if White had anything

on her face. White replied that she was wearing mineral powder, and Dr. Johnson said the laser reacts to minerals. Dr. Johnson cleansed White's face and completed the procedure. The part of White's face that had been in contact with the laser prior to the cleansing immediately discolored, but Dr. Johnson said the discoloration would go away by the end of the day. Instead, the discoloration worsened and White's skin peeled. Over time, the discoloration improved but did not completely go away.

[3] On November 20, 2013, White filed a complaint for medical negligence in the Marion Superior Court 14, alleging the Providers were negligent in performing the laser hair removal. On December 12, 2013, White filed a motion for leave to amend her complaint to add a declaration that she was seeking damages in an amount not greater than $15,000.[1] The trial court granted her motion and her amended complaint was filed.

[4] In October 2014, the Providers filed a motion for summary judgment. White did not respond to the motion for summary judgment but instead filed a motion to dismiss her complaint without prejudice because she "has learned during the pendency of her action that her bodily injury is more serious than previously believed . . . and therefore believes that Fifteen Thousand and 00/100 Dollars ($15,000.00) will be insufficient compensation for her bodily injury."

---

[1] As will be discussed below, such a declaration allows a party to file a medical negligence complaint directly with the trial court instead of submitting a proposed complaint through the Department of Insurance for presentation to a medical review panel. *See* Ind. Code § 34-18-8-6(a).

Appellants' Appendix at 84. Attached to her motion was her affidavit, stating in pertinent part:

> 2. On September 7, 2012, I went to the offices of the [Providers] to have a laser hair removal procedure performed by [Dr. Johnson].
> 3. [Dr. Johnson] performed the procedure in a negligent manner resulting in injury burning to my face.
> 4. I experienced immediate discoloring and burning. I thought the discoloring would disappear; however, discoloring still remains and therefore, I do not believe that [$15,000] is sufficient to compensate me for the injury to my face.
> 5. I have asked my attorney to take the necessary steps so that I can pursue additional monetary damages to compensate me for my injury.

*Id.* at 88. The trial court granted White's motion to dismiss her complaint on November 12, 2014.

On November 18, 2014, White filed a proposed complaint with the Indiana Department of Insurance, which was identical in all respects to the amended complaint she had filed in the trial court minus the limited damages declaration. On June 4, 2015, the Providers filed a Petition for Preliminary Determination and Motion for Summary Judgment in Marion Superior Court 10, alleging White's proposed complaint before the Department of Insurance was untimely. The trial court denied the motion for summary judgment on June 19, 2015. The Providers then filed a motion to reconsider, and, in the alternative, a motion to certify the order denying summary judgment for interlocutory appeal. Following a hearing, the trial court denied the Providers'

motion to reconsider but certified the order denying summary judgment for interlocutory appeal.

# Discussion and Decision

## I. Standard of Review

Pursuant to Indiana Code section 34-18-11-1, a trial court may assert jurisdiction over threshold issues and preliminarily determine an issue of law or fact while the proposed complaint is pending before the medical review panel in the Department of Insurance. *Haggerty v. Anonymous Party 1*, 998 N.E.2d 286, 294 (Ind. Ct. App. 2013). The grant or denial of summary judgment on a motion for preliminary determination is subject to the same standard of review as any other summary judgment ruling. *Jeffrey v. Methodist Hosps.*, 956 N.E.2d 151, 154 (Ind. Ct. App. 2011).

> When reviewing the grant or denial of summary judgment, we apply the same standard as the trial court. Summary judgment is proper only when the designated evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. All facts and reasonable inferences therefrom are construed in a light most favorable to the nonmovant. The statute of limitations defense is particularly suitable as a basis for summary judgment. When the moving party asserts the statute of limitations as an affirmative defense and establishes that the action was commenced beyond the statutory period, the burden shifts to the nonmovant to establish an issue of fact material to a theory that avoids the defense. Any doubts as to the existence of a material issue are resolved in favor of the nonmovant.

*Anonymous Physician v. Wininger*, 998 N.E.2d 749, 751 (Ind. Ct. App. 2013) (citations omitted).

## II. Timeliness of White's Action

### A. Statute of Limitations in General

[7] In general, a patient asserting a medical negligence claim must file her complaint within two years of the alleged malpractice. Ind. Code § 34-18-7-1(b). Except in limited circumstances, medical negligence claims in Indiana must first be submitted to a medical review panel through the Indiana Department of Insurance before they may be filed in court. Ind. Code § 34-18-8-4. The filing of a proposed complaint with the medical review panel tolls the applicable statute of limitations until ninety days following receipt by the patient of the panel's decision. Ind. Code § 34-18-7-3(a); *Comer v. Gohil*, 664 N.E.2d 389, 391 (Ind. Ct. App. 1996), *trans. denied*. Thus, the failure to file a proposed complaint with the Department of Insurance for consideration by a medical review panel within two years from the date of the alleged malpractice is ordinarily fatal to a medical negligence claim. *Mayfield v. Cont'l Rehab. Hosp.*, 690 N.E.2d 738, 741 (Ind. Ct. App. 1998), *trans. denied.*

[8] This case presents several exceptions to the general rules cited above. One of the circumstances in which a claim need not be first presented to a medical review panel is where the patient's pleadings include a declaration that the patient seeks damages of $15,000 or less. Ind. Code § 34-18-8-6(a). In that

situation, the case may be commenced directly in the trial court. *Id.* Indiana Code section 34-18-8-6(b) ("subsection (b)") then provides that a patient who:

> (1) commences an action [directly in court] in the reasonable belief that damages in an amount not greater than [$15,000] are adequate compensation for the bodily injury allegedly caused by the health care provider's malpractice; and

> (2) later learns, during the pendency of the action, that the bodily injury is more serious than previously believed and that [$15,000] is insufficient compensation for the bodily injury;

> may move that the action be dismissed without prejudice and, upon dismissal of the action, may file a proposed complaint subject to [medical review panel proceedings] based upon the same allegations of malpractice as were asserted in the action dismissed under this subsection. In a second action commenced in court following the medical review panel's proceeding on the proposed complaint, the patient may recover an amount greater than [$15,000].

Indiana Code section 34-18-8-6(c) ("subsection (c)") provides an exception to the general two-year statute of limitations for a second action filed under these circumstances, stating that if the patient:

> (1) commences an action under subsection (a) . . .;

> (2) moves under subsection (b) . . . for dismissal of that action;

> (3) files a proposed complaint subject to [presentation to a medical review panel] based upon the same allegations of malpractice as were asserted in the action dismissed under subsection (b) . . .; and

> (4) commences a second action in court following the medical review panel proceeding on the proposed complaint;
>
> the timeliness of the second action is governed by IC 34-18-7-1(c).

Indiana Code section 34-18-7-1(c) in turn provides that if the patient meets the criteria of subsection (c), "the applicable limitations period is equal to the period that would otherwise apply to the patient under subsection (b) . . . plus one hundred eighty (180) days."

[9] A few Indiana cases have cited Indiana Code section 34-18-8-6 (or its predecessors, sections 16-9.5-9-2.1 (added in 1985, repealed in 1993) and 27-12-8-6 (repealed in 1998)). *See, e.g.*, *Narducci v. Tedrow*, 736 N.E.2d 1288, 1290-91 (Ind. Ct. App. 2000) (noting plaintiff rectified his error in filing his action in the trial court without first presenting his proposed complaint to a medical review panel by amending his complaint to request damages in the amount of $15,000 or less); *Albright v. Pyle*, 637 N.E.2d 1360, 1364 (Ind. Ct. App. 1994) (holding $15,000 limit applies to entire action, not each defendant) (opinion on reh'g); *see also Gleason v. Bush*, 664 N.E.2d 1183, 1185 n.2 (Ind. Ct. App. 1996); *Simms v. Schweikher*, 651 N.E.2d 348, 349 n.1 (Ind. Ct. App. 1995), *trans. denied*; *Hoskins v. Sharp*, 629 N.E.2d 1271, 1274 n.3 (Ind. Ct. App. 1994) (all simply noting the existence of a statutory "shortcut" for bypassing the medical review panel). But no Indiana case has substantively addressed this statute for the purpose of answering the question the Providers pose to us: what are the requirements for triggering the 180-day extension of the statute of limitations?

[10]     The Providers claim White did not trigger the 180-day extension under the facts of this case and therefore her second action, filed with the Department of Insurance beyond the general two-year statute of limitations, is time-barred. We address first White's claim that subsection (c) does not apply because she has not yet received a medical review panel opinion and has not yet commenced a second action in court; therefore, she asserts the Providers' petition for preliminary determination is premature. *See* Ind. Code § 34-18-8-6(c)(4). The Providers are not *required* to raise their statute of limitations affirmative defense in a preliminary determination action, *see* Ind. Code § 34-18-11-1(d); *Miller v. Dobbs*, 991 N.E.2d 562, 564 (Ind. 2013) (holding medical defendants' statute of limitations defense is not waived for failure to move for a preliminary determination), but in the appropriate case, the preliminary determination procedure allows early resolution of a potentially dispositive issue. It is true White's proposed complaint is still pending before the medical review panel and she has not yet commenced a second action in court. However, the facts pertinent to determining the statute of limitations question raised by the Providers are already set. The filing of a proposed complaint with the Department of Insurance may toll the applicable statute of limitations, Ind. Code § 34-18-7-3(a), but only if the proposed complaint itself is timely filed within the same limitations period, *see Mayfield*, 690 N.E.2d at 740-42 (affirming dismissal of patient's action as time barred due to failure to file a proposed complaint with the Department of Insurance before the expiration of the two-year statute of limitations). Therefore, if White's action is untimely now, it will also be untimely when and if it is filed in court after a review panel decision.

The Providers' request for a preliminary determination of this issue is not premature.

[11] White further claims she does not *need* subsection (c) to apply because she filed her initial complaint in court within the applicable statute of limitations, and therefore subsection (b) allows her to dismiss that complaint and file her proposed complaint with the Department of Insurance within a reasonable period of time "[w]ithout regards to the statute of limitations," as subsection (b) imposes no specific cut off period for filing a proposed complaint after dismissal. Appellee's Brief at 8, 10-11. However, a complaint that is voluntarily dismissed is treated as if it never existed and thus, cannot toll the statute of limitations. *Kohlman v. Finklestein*, 509 N.E.2d 228, 232 (Ind. Ct. App. 1987), *trans. denied*. Although not arising in a medical negligence context, the procedural posture of *Kohlman* is very similar to the instant case: there, the plaintiff's cause of action for conversion of personal property accrued in July 1979. He filed suit to recover damages in municipal court in May 1981, but thereafter amended his prayer for damages to exceed the monetary jurisdictional limit of the municipal court and consequently, moved to voluntarily dismiss the case without prejudice for lack of jurisdiction. The trial court granted the motion to dismiss and the plaintiff refiled his complaint in superior court in October 1982. The trial court granted summary judgment to the defendant because the plaintiff's second action was barred by the statute of limitations. We affirmed, holding the plaintiff's "timely municipal court case cannot extend the time within which he could file his superior court case." *Id.*

at 232. Here, White alleges the Providers' negligence occurred on September 7, 2012, and therefore, her action accrued on that date. She timely filed her initial complaint seeking limited damages in the trial court on November 20, 2013, but then voluntarily dismissed that complaint and filed a proposed complaint with the Department of Insurance on November 18, 2014, in order to seek greater damages. Because White voluntarily dismissed her initial complaint, her current action is considered filed on November 18, 2014. In the absence of some mechanism for extending the statute of limitations past September 7, 2014, White's action is time-barred, as it was filed more than two years after the alleged malpractice.

## B. Criteria to Extend the Statute of Limitations

[12] The legislature provided such a mechanism within the statute allowing for dismissal and refiling of a medical negligence complaint. A patient who has filed an action directly in court seeking limited damages may dismiss that action—and thereafter have the standard two years after the action accrued plus an additional 180 days to file a new action seeking greater damages—*if* she learns, after commencing the original action and while that action is still pending in the trial court, that her bodily injury is more serious than she

believed when she commenced her action and $15,000 will not be adequate compensation. *See* Ind. Code § 34-18-8-6(b)(2).[2]

[13] The Providers contend White has an affirmative obligation to show she "obtained additional evidence or knowledge during the pendency of the court-filed suit" that her injuries were more serious than she initially believed in order to be given the benefit of the extended statute of limitations. Brief of Appellants at 24. White contends the phrase "later learns" should be interpreted solely under a subjective standard and therefore she has no obligation to produce evidence other than her own affidavit, which she claims shows "[she] learned by personal experience that when the discoloration did not initially disappear, it was worse than she previously believed." Appellee's Brief at 11-12.

[14] Our rules of statutory construction are as follows:

> When courts set out to construe a statute, the goal is to determine and give effect to the intent of the legislature. The first place courts look for evidence is the language of the statute itself, and courts strive to give the words their plain and ordinary meaning. We examine the statute as a whole and try to avoid excessive reliance on a strict literal meaning or the selective reading of individual words. We presume the legislature intended the language used in the statute to be applied logically, consistent

---

[2] If White is entitled to the extension of the statute of limitations, her proposed complaint was filed within that window (her cause of action accrued on September 7, 2012; two years plus 180 days from that date is March 6, 2015). Therefore, the only question before us is whether she is entitled to that additional time.

with the statute's underlying policy and goals, and not in a manner that would bring about an unjust or absurd result.

*Cooper Indus., LLC v. City of S. Bend,* 899 N.E.2d 1274, 1283 (Ind. 2009) (citations omitted). Further, we will not read into the statute that which is not expressed, so it is just as important to recognize what a statute does not say as it is to recognize what it does say. *Weinberger v. Estate of Barnes*, 2 N.E.3d 43, 47 (Ind. Ct. App. 2013), *trans. denied*. Finally, as statutory procedures for bringing a medical negligence action are in derogation of common law, we strictly construe those statutes against limiting a patient's right to bring suit. *Mooney v. Anonymous M.D. 4,* 991 N.E.2d 565, 580 (Ind. Ct. App. 2013), *trans. denied*.

[15] The language employed in a statute is deemed to have been used intentionally. *Anonymous Hosp. v. A.K.*, 920 N.E.2d 704, 708 (Ind. Ct. App. 2010). Here, the statute says the patient may dismiss a limited damages suit in court and have additional time to refile a medical negligence claim through the Department of Insurance if she "*later learns* . . . that the *bodily injury is more serious* than previously believed and that [$15,000] is insufficient compensation . . . ." Ind. Code § 34-18-8-6(b)(2) (emphasis added). "Learn" is defined as to "acquire knowledge of (a fact); to become acquainted with or informed of (something); to hear of, ascertain." Oxford English Dictionary, http://www.oed.com/view/Entry/106716?redirectedFrom=learn#eid (last visited Nov. 17, 2016). Use of the phrase "later learns" implies something additional has to have occurred since the original lawsuit was filed in court: that is, the patient has subsequently acquired knowledge of or received

information about something she did not previously know with regard to her injury and $15,000 is insufficient to compensate her for that more serious injury.[3] Subsection (b) does not say simply that the plaintiff may dismiss her original complaint and have an extended statute of limitations for refiling with the Department of Insurance in order to seek additional damages. The statute imposes requirements upon such a course of action—that the patient learns her bodily injury is more serious than previously believed. The inclusion of these requirements implies there is some burden on the patient to show she has dismissed and refiled for a reason other than seeking more damages for the same injury. To adopt White's reading of the statute would be to read those requirements out of the statute.

[16] White alleges her face was burned by the laser treatment resulting in discoloration. White's original and amended complaints filed in the trial court and her proposed complaint filed with the Department of Insurance all allege, with respect to her injury:

> 9. [White's] face immediately began to experience discoloring.
>
> * * *

---

[3] We do not mean to imply that the "something additional" necessarily has to be medical evidence, such as a second doctor's opinion. As White points out, "a patient can 'learn' something in a variety of ways, for example, by being told, by reading or by personal experience." Appellee's Brief at 11.

11.  [Dr. Johnson] stated that the discoloring would go away by the end of the day.

12.  The burned area on [White's] face turned dark and peeled until a layer of skin referred to as "the white meat" showed.

\* \* \*

14.  Although [White's] scarring has improved, it still remains after several months.

Appellant's App. at 31 (proposed complaint); 35 (original complaint); and 45 (amended complaint).  White's affidavit, attached to the motion to dismiss her original action in the trial court, avers:

3.  [Dr. Johnson] performed the [laser hair removal] procedure in a negligent manner resulting in injury burning to my face.

4.  I experienced immediate discoloring and burning.  I thought the discoloring would disappear; however, discoloring still remains and therefore, I do not believe that [$15,000] is sufficient to compensate me for the injury to my face.

*Id.* at 88.  Even under a wholly subjective standard, White's pleadings and her affidavit fail to demonstrate that she is entitled to the benefit of the extended statute of limitations.  She has not alleged she learned anything new or different about her injury after filing her original complaint.[4]  Moreover, her pleadings

---

[4] As we noted in footnote 3, *supra*, we agree with the dissent that a person may "later learn" something in a variety of ways and we do not disagree that the threshold for new information may be relatively low.

and affidavit fail to demonstrate her bodily injury is more serious than she originally believed; in fact, they demonstrate her injury is exactly the same now as it was when she commenced her original action in court seeking $15,000 or less. For instance, White does not allege the discoloration worsened between November 2013 and November 2014 or that she learned of additional current or future side effects from the burning other than the remaining discoloration. The only thing that appears to have changed is that she now wants the possibility of recovering a greater amount of damages for the same injury.

[17] White posits this decision will now require the trial court in the original action "to determine what injury a plaintiff has suffered, require a plaintiff to submit medical evidence that the injury has worsened and then . . . decide if the medical evidence submitted by a plaintiff is sufficient to conclude that the injury has worsened." Appellee's Brief at 14. We disagree that the trial court will have any such obligation. If the patient files a motion for voluntary dismissal of her complaint, it is not the trial court's function to question on the patient's behalf whether dismissal is actually a good idea or might result in prejudice to the *patient*. *Cf. Principal Life Ins. Co. v. Needler*, 816 N.E.2d 499, 502 (Ind. Ct.

However, even accepting that White could learn from looking into her mirror every day that a lifetime of facial disfiguration was worth more to her than $15,000, *see* ¶ 27, *supra*, that amounts to speculation here because White did not *allege* that in her pleadings. Dr. Johnson told her at the time of the procedure that the discoloration would go away by the end of the day. When White filed her original complaint over a year later, however, her face was still discolored. When she dismissed and refiled her complaint, her face remained discolored. Thus, she knew from the outset of this litigation that her face was discolored from the procedure and she did not aver anything differently in her second complaint. The specific language of the statute requires the plaintiff affirmatively show *something* has changed since the original allegations and White has failed to do that here.

App. 2004) (noting that voluntary dismissals should generally be allowed unless the *defendant* will suffer some legal prejudice other than the prospect of a second lawsuit).

[18] The facts of this case are not in dispute. The Providers have shown that White did not file her proposed complaint with the Department of Insurance within two years of her action accruing. White in turn has failed to establish she is entitled to the benefit of Indiana Code sections 34-18-8-6(c) and 34-18-7-1(c) extending the statute of limitations in certain circumstances. Section 34-18-8-6(c) imposes certain requirements on the ability to benefit from the extended time to file a medical negligence action, and White has failed to meet those requirements. White had every right to dismiss and refile her cause of action in order to seek additional damages, but under these facts, she needed to do so within the two-year statute of limitations.

## Conclusion

[19] The Providers are entitled to judgment as a matter of law on their motion for summary judgment alleging White's proposed complaint was filed with the Department of Insurance outside the applicable statute of limitations. The trial court's denial of the motion is reversed.

[20] Reversed.

Brown, J., concurs.

Mathias, J., dissents.

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dermatology Associates, P.C. and Sonya Campbell Johnson, M.D., | Court of Appeals Case No. 49A02-1512-PL-2189 |
| *Appellants-Petitioners,* | |
| v. | |
| Elizabeth C. White, | |
| *Appellee-Respondent,* | |
| v. | |
| Commissioner of Indiana Department of Insurance, and Douglas J. Hill, Esq., Medical Review Panel Chair, | |
| *Third Party Defendants.* | |

**Mathias, Judge, dissenting.**

[21] I respectfully dissent. The majority's explanation of the statutory framework of the issue before us is commendable. I disagree only with the majority's interpretation of this statutory framework.

[22] As noted by the majority, a patient who has filed an action seeking less than $15,000 in damages directly in a trial court may dismiss that action and thereafter have the benefit of the normal two-year statute of limitations, plus an additional 180 days, to file a new action seeking damages in excess of $15,000. *See* Ind. Code §§ 34-18-8-6(b), 34-18-7-1(c). To qualify for this additional 180-day extension of the normal statute of limitations, the patient need only establish that she "later learn[s] during the pendency of the action, that the bodily injury is more serious than previously believed and that fifteen thousand dollars ($15,000) is insufficient compensation for the bodily injury." I.C. § 34-18-8-6(b)(2).

[23] The majority concludes that White must show that "something additional has to have occurred since the original lawsuit was filed in court: that is, the patient has subsequently acquired knowledge of or received information about something she did not previously know with regard to her injury and $15,000 is insufficient to compensate her for that more serious injury." Slip op., *supra*, at pp. 13-14. The majority then notes that they do not mean to imply that this "something additional" "necessarily has to be medical evidence, such as a doctor's opinion." *Id*. at 14 n.2. Indeed, the majority agrees with White that "'a patient can "learn" something in a variety of ways, for example, by being told, by reading *or by personal experience*.'" *Id*. (quoting Appellee's Brief at 11) (emphasis added).

[24] I write separately to emphasize that I believe that medical evidence, such as a physician's expert opinion, is certainly not required to establish that a patient has "later learned" that her injury is more serious than originally believed.

[25] However, unlike the majority, I also believe that, in the present case, White adequately established that she later learned that her injury was more serious than she originally believed. White originally pleaded that: her face immediately began to experience discoloration after the treatment; Dr. Johnson told her, incorrectly, that the discoloration would go away by the end of the day; that the burned area of her face turned dark and peeled, revealing the flesh underneath the skin; and that although her scarring had improved, it still remained after several months.

[26] White's affidavit, attached to the motion to dismiss her original action, averred that: Dr. Johnson negligently burned her face; she experienced immediate burning and discoloration; she believed the discoloration would disappear; and the discoloration still remained and therefore she did "not believe that [$15,000] is sufficient to compensate me for the injury to my face." Appellant's App. p. 88. White's proposed complaint she submitted to the Indiana Department of Insurance contained similar allegations. *See id*. p. 31.

[27] The majority concludes that White failed to allege that she learned anything new or different about her injury after filing her original complaint. However, she averred that the discoloration still remained. Thus, because the discoloration had still not improved, White came to the personal conclusion

that a lifetime of facial disfiguration was worth more than $15,000. In terms of the statute, White "learned" that her claim, based upon her permanent facial disfiguration, was worth more than $15,000. Under the facts and circumstances before us, I think a woman's ultimate decision that a lifetime of facial disfiguration was worth more than $15,000 is something she could, and here did, "learn" from looking into the mirror every day, trying without success to use make-up to make the scarring less noticeable. I believe this alone is sufficient to trigger the 180-day extension provided for by Indiana Code section 34-18-7-1(c).

[28] Accordingly, I would affirm the trial court's denial of the Provider's motion for summary judgment.