## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 05 2018, 7:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Eric C. Welch
Welch & Company, LLC
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Scott E. Shockley
Matthew L. Kelsey
Muncie, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Harold D. Holding and
Herbert C. Holding,

*Appellants-Plaintiffs,*

v.

Harry R. Holding, Karen M.
Holding, Northwest Towing and
Recovery, Inc., Northwest
Towing and Recovery of
Muncie, LLC, and Northwest
Towing and Recovery of
Anderson, LLC,

*Appellees-Defendants*

December 5, 2018

Court of Appeals Case No.
18A-PL-836

Appeal from the Delaware Circuit
Court

The Honorable Marianne L.
Vorhees, Judge

Trial Court Cause No.
18C01-1401-PL-4

**Baker, Judge.**

Harold and Herbert Holding appeal the trial court's order granting partial summary judgment in favor of Harry Holding, Karen Holding, and three corporate entities (collectively, the Appellees). Harold and Herbert argue that the trial court erred by finding that some of their claims are barred by the statute of limitations. Finding no error, we affirm.

## Facts

Harold, Herbert, and Harry are brothers. In 1962, Herbert, Harold, and their father, Sam, began operating a series of businesses in Delaware County; Harry was invited to participate in 1978. Sam's participation in the businesses ended in 1983. None of these businesses operated with a written partnership agreement.

The businesses operated out of a location on North Buckles Street in Muncie. Over the years, the businesses changed names multiple times. In 1977, the brothers formed a corporation called Northwest Wrecker & Auto Body, Inc.; that corporation was administratively dissolved in 1988.

In 1989, Harry and his wife, Karen, purchased a commercial real estate parcel on North Broadway in Muncie; they have always paid the taxes on that real estate out of their own income and assets.[1] Around that same time, Harry began operating the brothers' towing business at that location. Harry created a

---

[1] Harold knew that Harry and Karen had purchased the property in their individual names.

new corporation called "Northwest Wrecker, Inc." ("Wrecker"), and registered it with the Indiana Secretary of State. The registration showed Harry as President and Harold as Secretary.

[5] Previously, in 1992, Herbert and Harold created a business called "Northwest Auto Parts, Inc." ("Auto Parts"), and the registration identifies Herbert and Harold as the incorporators. At some point prior to December 1993, an Auto Parts tow truck got in an accident. That accident resulted in a lawsuit for personal injuries. The plaintiff named Auto Parts, Wrecker, and each of the three brothers as defendants. Harry was deposed in that lawsuit in April 1995.

[6] By the time of that deposition, Harry had operated Wrecker for about eight years. During those years, neither Harold nor Herbert had done any work at the towing business, nor had Harry worked at the auto parts business. Harry believed that the 1993 lawsuit demonstrated that the businesses lacked clear and distinct boundaries, leaving him and the towing business vulnerable to litigation related to the business and activities of his brothers.

[7] Therefore, in December 1995, Harry and Karen formed a new and separate corporation, Northwest Towing & Recovery, Inc. ("Towing & Recovery"), with Harry and Karen registered as the owners. In 1996, Wrecker was administratively dissolved. Towing & Recovery operated openly at the same location as Wrecker—North Broadway in Muncie. The Towing & Recovery fleet of trucks bore the new corporate name. Herbert later testified that he started thinking about suing Harry around "I suppose around '90, '95, ninety

something" when Harry created his own corporation because Herbert felt "frozen out." Appellants' App. Vol. II p. 77.[2]

[8] Throughout the decades leading up to 2014, neither Herbert nor Harold ever received or requested any financial statements from Towing & Recovery; contributed any cash to the business; received or requested a salary or a share of the profits from the business; or asked for any information whatsoever about the business. Neither Herbert nor Harold were responsible for any of Towing & Recovery's loans, nor did they ever list the business on any financial statement or tax returns. In 2001, Herbert filed for bankruptcy but did not list Towing & Recovery as an asset.

[9] At some point in 2012, Herbert and Harold decided that the oral partnership of the three brothers should be dissolved and the assets should be distributed. On January 29, 2014, Herbert and Harold filed a lawsuit requesting the trial court to partition the partnership's real property and order that the property be sold and distributed among the partners in accordance with each partner's interest. They listed Towing & Recovery, as well as the real estate on which it operates, as partnership assets.

---

[2] In 2009, Harry and Karen reorganized Towing & Recovery into a limited liability company called Northwest Towing and Recovery of Muncie, LLC. In 2010, the LLC spun off its Anderson operations to create a related organization, Northwest Towing and Recovery of Anderson, LLC, to operate its towing business there. The reorganization is relevant to this appeal only to the extent that the two LLCs were named as parties to the litigation.

On October 2, 2015, the Appellees filed a motion for partial summary judgment with respect to the claims alleging that the partnership property included Towing & Recovery, its corporate successors, and the land on which it operates. Among other things, the Appellees argued that these claims are barred by the statute of limitations. Following briefing and argument, the trial court granted the motion for partial summary judgment on February 15, 2016. In pertinent part, the trial court found and held as follows:

> In this case, in short, Plaintiffs filed this action well after the statute of limitations had expired. Strictly looking at the facts, Plaintiffs should have filed this case during the year 2005. Giving Plaintiffs the benefit of every doubt and inference, the latest Plaintiffs should have filed this case would have been 2011. Plaintiffs filed this case on January 29, 2014.

> ***

> The applicable Statute of Limitations period in this case is Ten (10) Years. . . .

> ***

> Plaintiffs have not alleged fraud, i.e., they did not claim that Defendants said or did anything to mislead them such that the accrual date was extended due to fraud.

> The cause of action had to accrue on or after January 29, 2004, in order for the Plaintiffs to have filed this case in a timely manner.

> ***

The above facts . . . show Harold and Herb Holding knew sometime in the decade of the 1990s that Harry and Karen had "ousted" them from the towing business and had placed the real estate in their individual names. Even giving Harold and Herb an additional benefit of the doubt (which is really stretching things), Herbert demonstrated his knowledge at least as of 2001 that Harry and Karen had "ousted" him from the partnership business and had "taken" his interest in the towing business from him. . . .

The cause of action accrued sometime during the 1990s, or as late as 2001. Plaintiffs did not file this case until 2014, which is at least two years too late.

\*\*\*

. . . [Harold and Herbert argue that they did not know that] Harry and Karen had incorporated the towing business in 1995, and they just learned about the incorporation when discussing this case with their attorneys. . . .

\*\*\*

Plaintiffs' asserted facts do not create an issue of fact, due in part to constructive notice.

\*\*\*

Both Plaintiffs testified in their depositions that they had reasons to sue Harry since at least 1995. Herb had considered suing since 1995, when he felt Harry had "frozen him out" of the towing business. Harold testified he had known since the late 1980's that Harry and Karen had put the [Broadway] property in their name alone. . . .

Plaintiffs were on actual and constructive notice since 1995 that they might have a claim against Harry and Karen related to the partnership assets and the real estate that became [Towing & Recovery]. They did nothing to investigate those potential claims, such as by searching public records to see what Karen and Harry had done. They did not file a lawsuit until 2014, almost 20 years after the incorporation had taken place.

In summary, Harry and Herb have not designated in any form a specific fact placing in dispute they had known or should have known since at least 1995 that Harry and Karen were not sharing partnership assets and profits with them and had "ousted" them from the partnership.

Appealed Order p. 1-8. Harry and Herbert now appeal.

## Discussion and Decision

[11]   Harry and Herbert argue that the trial court erred by granting partial summary judgment in favor of the Appellees. Our standard of review on summary judgment is well settled:

The party moving for summary judgment has the burden of making a prima facie showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Reed v. Reid*, 980 N.E.2d 277, 285 (Ind. 2012). Once these two requirements are met by the moving party, the burden then shifts to the non-moving party to show the existence of a genuine issue by setting forth specifically designated facts. *Id.* Any doubt as to any facts or inferences to be drawn therefrom must be resolved in favor of the non-moving party. *Id.* Summary judgment should be granted only if the evidence sanctioned by Indiana Trial Rule 56(C) shows there is no genuine issue of material fact and that the moving party

deserves judgment as a matter of law. *Freidline v. Shelby Ins. Co.*, 774 N.E.2d 37, 39 (Ind. 2002).

*Goodwin v. Yeakle's Sports Bar and Grill, Inc.*, 62 N.E.3d 384, 386 (Ind. 2016). The statute of limitations defense is particularly suitable for summary judgment. *Dermatology Assocs., P.C. v. White*, 67 N.E.3d 1173, 1176 (Ind. Ct. App. 2017).

[12] The parties disagree as to which statute of limitations governs the claims at issue, but we need not resolve this issue because both statutes provide a ten-year window in which claims may be filed. Ind. Code §§ 34-11-1-2, 34-11-2-11. Therefore, as Herbert and Harold filed their complaint on January 29, 2014, their claims had to have accrued on or after January 29, 2004, to be within the ten-year statute of limitations.

[13] The following facts are undisputed:

- In December 1995, Harry and Karen formed Towing & Recovery. They already owned, in their own names, the real estate on which Towing & Recovery operated.
- That is the date on which Herbert and Harold claim that Harry "ousted" them from the business. Appellants' App. Vol. II p. 58.
- Towing & Recovery operated openly, placing its logo on its fleet of trucks.
- Herbert began contemplating suing Harry in the 1990s when Herbert began to feel as though he was being "frozen out" of the business. *Id.* at 77.
- Harold had known since the 1980s that Harry and Karen purchased the real estate on which Towing & Recovery operated in their own names.

It is apparent from these undisputed facts that Harold and Herbert knew or should have known in the mid- to late-1990s that Harry had formed a new

corporate entity that was entirely separate from anything related to the brothers' partnership. They took no action for nearly *two decades*. And during those years, they asked no questions about Towing & Recovery, took no actions to help or halt the business, and neglected to list the company as an asset on financial statements, tax returns, or bankruptcy schedules.

[14] Nothing in the record suggests—and Harold and Herbert do not allege—that Harry or Karen in any way tried to hide the corporate structure of Towing & Recovery. Harold and Herbert simply did not ask any questions—even though they were concerned enough to consider litigation. If Harold and Herbert believed that it was a violation of their partnership for Harry to take these actions, they should have investigated and filed a complaint before December 20, 2005. Instead, Harold and Herbert waited for decades as Harry and Karen built the business; then, in 2014, Harold and Herbert filed a lawsuit to claim two-thirds of it.

[15] Under these circumstances, we find that any claims related to Towing & Recovery, its corporate successors, and the real estate on which it is located are barred as a matter of law by the statute of limitations.

[16] The judgment of the trial court is affirmed.

May, J., and Robb, J., concur.