**Elio DEL VECCHIO, Appellant–Plaintiff,**

**v.**

**CONSECO, INC., CIHC, Inc., and Bankers National Life Insurance Company, Appellees–Defendants.**

No. 49A02–0209–CV–709.

Court of Appeals of Indiana.

May 5, 2003.

Ind. Acts 6 § 71 (codified as amended at IND.CODE § 6–1.1–15–1 (Supp.2002)).

Kirstie D. Anderson, Robert J. Schuckit, Katz & Korin, P.C., Indianapolis, IN, John Peter Zavez, Adkins, Kelston & Zavez, P.C., Glen DeValerio, Berman DeValerio & Pease LLP, Boston, MA, Attorneys for Appellant.

Joseph H. Yeager, Jr., Dana M. Lundberg, Baker & Daniels, Indianapolis, IN, Attorneys for Appellee Bankers National Life Insurance Company.

## OPINION

VAIDIK, Judge.

### Case Summary

Elio Del Vecchio appeals the trial court's entry of summary judgment in favor of Bankers National Life Insurance Company (Bankers) on various claims stemming from an incident where a Bankers' agent allegedly told Del Vecchio that he could trade in his current life insurance policy for a new one, which doubled his current death benefits, without making additional premium payments. Specifically, Del Vecchio contends that the trial court erred in finding that his claims were barred by the applicable statutes of limitation. Because we find that the cause of action accrued in 1985 and that the applicable statutes of limitation for the various claims range from two to ten years, we conclude that Del Vecchio's claims, which he filed in 1998, are time-barred and therefore affirm the trial court's entry of summary judgment in favor of Bankers.

### Facts and Procedural History

Del Vecchio purchased a $5000 whole life insurance policy from Bankers in 1947. In 1967, Bankers informed Del Vecchio that his policy would remain in force for the rest of his life without additional premium payments. In 1982, Joseph Genna-

co, an agent for Bankers, contacted Del Vecchio about trading in his $5000 whole life insurance policy for a $10,000 universal life insurance policy. According to Del Vecchio, Gennaco told him that the new policy, which doubled his current death benefits, would remain in force for the rest of his life without additional premium payments. Because Del Vecchio was skeptical about the new policy, he debated purchasing it for two years. In 1984, Del Vecchio decided to trade in his current policy for the new one, using the cash value of his current policy to fund it. Bankers issued the policy in March 1984 and sent Del Vecchio a copy of it shortly thereafter. Included with the policy is a Table of Premiums and Values. This table, which assumes that an annual premium of $600 is made, gives projections for the cash value of the policy after each year. The policy does not indicate whether it would remain in force for the rest of Del Vecchio's life without additional premium payments.

Beginning in 1985, Bankers began sending Del Vecchio annual statements that included separate projections for when his policy would terminate under the then-prevailing interest rates and the guaranteed minimum interest rate of 4%. Specifically, the 1985 annual statement provided:

THE GUARANTEED INTEREST RATE FOR THE LIFE OF THE POLICY IS 4.000%.

WITH NO LOANS, PARTIAL WITHDRAWALS, OR FUTURE INCREASES MADE AFTER THIS REPORT DATE, BASED UPON CURRENT ASSUMPTIONS, YOUR POLICY WILL REMAIN IN FORCE UNTIL MATURITY WITH NO FUTURE PREMIUM.

AND, BASED UPON GUARANTEED ASSUMPTIONS, YOUR POLICY WILL REMAIN IN FORCE UNTIL 05/20/1997 WITH NO FUTURE PREMIUM.

. . .

CURRENT INTEREST RATE AND RISK CHARGES ARE NOT GUARANTEED FOR THE FUTURE.

Appellant's App. p. 93. Del Vecchio testified that he read this statement.

Later annual statements provided comparable information, specifically, that the policy could or would terminate unless Del Vecchio paid additional premiums. In 1991, Bankers sent Del Vecchio a letter that stated, "You may wish to increase your policy's billed premium to ensure that your valuable insurance protection does not unexpectedly terminate. Alternatively, you may wish to increase your billed premium in order to maintain the build up of values in your policy." Appellant's App. p. 159. After reading this letter, Del Vecchio became worried that his policy would terminate and consulted with an insurance agent that he knew. However, Del Vecchio decided to keep his policy in hopes that he would die before it terminated.

In January 1998, Del Vecchio filed a six-count class action complaint in the United States District Court for the Southern District of Indiana against Bankers and other defendants. Bankers subsequently filed a motion for summary judgment alleging that Del Vecchio's claims were barred by the applicable statutes of limitation. The district court granted summary judgment in favor of Bankers in September 1999. Del Vecchio appealed to the United States Court of Appeals for the Seventh Circuit, which dismissed the case in October 2000 because Del Vecchio had failed to satisfy the amount in controversy requirement. *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974 (7th Cir.2000). In June 2001, Del Vecchio filed an eight-count class action complaint in Marion Superior Court against Bankers,

Conseco, Inc., and CIHC, Inc.[1] Bankers subsequently filed a motion for summary judgment again alleging that Del Vecchio's claims were barred by the applicable statutes of limitation. Following a hearing, the trial court entered summary judgment in favor of Bankers in August 2002. This appeal ensued.

### Discussion and Decision

Although the trial court entered summary judgment in favor of Bankers on all eight counts, Del Vecchio only appeals the entry of summary judgment on the following counts: Count I, breach of contract; Count IV, breach of fiduciary duty; Count VI, breach of duty of good faith and fair dealing; and Count VII, unjust enrichment and imposition of a constructive trust. Del Vecchio contends that the trial court erred in granting summary judgment on these counts because they were all timely brought.

The defense of a statute of limitation is peculiarly suitable as a basis for summary judgment. *Mayfield v. Cont'l Rehab. Hosp. of Terre Haute*, 690 N.E.2d 738, 740 (Ind.Ct.App.1998), *trans. denied.* The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law. *Id.* In reviewing a trial court's ruling on a motion for summary judgment, this Court faces the same issues that were before the trial court and follows the same process. *Merrill v. Knauf Fiber Glass GmbH*, 771 N.E.2d 1258, 1264 (Ind.Ct.App.2002), *trans. denied.* We do not weigh evidence but, instead, liberally construe the facts in a light most favorable to the nonmoving party. *Id.* Summary judgment is appropriate only when the designated evidence demonstrates that there is no genuine is-

sue regarding any material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Merrill*, 771 N.E.2d at 1264. The party appealing a summary judgment ruling has the burden of persuading this Court that the grant or denial of summary judgment was erroneous. *Merrill*, 771 N.E.2d at 1264. We will affirm the grant of summary judgment on any legal basis supported by the designated evidence. *Id.*

Before determining what the proper statutes of limitation are for Counts I, IV, VI, and VII and whether the counts are time-barred, we must first decide when the cause of action accrued.

### I. Accrual of Cause of Action

Under Indiana's discovery rule, a cause of action accrues, and the statute of limitation begins to run, when the plaintiff knew or in the exercise of ordinary diligence could have discovered that an injury had been sustained as a result of the tortious act of another. *Mayfield*, 690 N.E.2d at 741. For a cause of action to accrue, it is not necessary that the full extent of the damage be known or even ascertainable but only that some ascertainable damage has occurred. *Id.* The discovery rule applies to both tort and contract claims. *Habig v. Bruning*, 613 N.E.2d 61, 64–65 (Ind. Ct.App.1993), *trans. denied; see also City of Hobart Sewage Works v. McCullough*, 656 N.E.2d 1185, 1189 (Ind.Ct.App.1995), *disapproved of on other grounds by Kantz v. Elkhart County Highway Dep't*, 701 N.E.2d 608 (Ind.Ct.App.1998), *trans. denied.*

Del Vecchio advances three theories for when he believes the cause of action accrued. Under the first theory, which he

---

**1.** Litigation is currently stayed with respect to Conseco and CIHC pending further action in bankruptcy court. *Del Vecchio v. Conseco, Inc.*, Cause No. 49A02–0209–CV–709 (Ind.Ct. App. Jan. 24, 2003) (unpublished order). Therefore, we limit our discussion to Bankers.

asserts applies to Counts IV, VI, and VII, Del Vecchio argues that the cause of action accrued in 1988, when Bankers allegedly began underpaying policy dividends, and that a new cause of action accrued each year that Bankers failed to pay an appropriate dividend. Under the second theory, which he asserts applies to Counts I, IV, and VI, Del Vecchio argues that because he has not paid additional premiums to keep his policy from terminating, the cause of action has not yet accrued; therefore, he is suing under an anticipatory breach of contract theory, which makes all of the contract-related counts timely. Finally, under the third theory, which he asserts applies to Counts I, IV, VI, and VII, Del Vecchio argues that the cause of action accrued in 1994, the first year that his annual statement showed that the cash value of his policy was less than that projected in the policy's Table of Premiums and Values. In response, Bankers argues that the cause of action accrued no later than 1985, when Del Vecchio received his first annual statement warning him that he might have to pay additional premiums in order to keep his policy from terminating, which is contrary to what Gennaco allegedly told him.

Notwithstanding Del Vecchio's attempt to muddy the waters by alleging three separate theories of when the cause of action accrued, the core of Del Vecchio's lawsuit is that Gennaco assured him that he could trade in his $5000 policy for a $10,000 policy that would provide indefinite coverage without additional premium payments. All of the counts stem from this single act. But a year after Gennaco's assurances, Bankers mailed the 1985 annual statement to Del Vecchio, which Del Vecchio testified that he read. That statement provided that based upon the guaranteed minimum interest rate of 4%, the policy would remain in force only until May 1997 if Del Vecchio did not pay addi-

tional premiums. Del Vecchio did not pay additional premiums, and as a result the cash value of the policy decreased below that projected in the policy's Table of Premiums and Values, which assumed that annual premiums of $600 were being made. Based on this evidence, Del Vecchio, through the exercise of ordinary diligence, could have discovered in 1985 that Gennaco's assurances were false, giving rise to both contract and tort claims on grounds that the policy Del Vecchio received was actually less valuable than the policy Gennaco described. We therefore conclude that the cause of action accrued in 1985. We now determine what statutes of limitation apply to each of the counts and whether the counts are time-barred.

## II. Breach of Contract

■ Del Vecchio argues that Bankers had "an oral contract" with him because Gennaco told him that he "would not have to pay premiums on his new policy if he dumped in the entire cash value from his old policy." Appellant's Br. p. 14. The statute of limitation for breach of an oral contract is six years. Ind.Code § 34–11–2–7(1). Del Vecchio therefore should have brought this claim six years after receiving his 1985 annual statement.

Del Vecchio also argues that Bankers had a written contract with him, the policy, and that Bankers breached the policy by allowing the cash value of the policy to fall below that projected in the policy's Table of Premiums and Values, which assumed that annual premiums of $600 were being made. The statute of limitation for breach of a written contract is ten years. Ind. Code § 34–11–2–11. Del Vecchio should have brought this claim no later than 1995, ten years after receiving his 1985 annual statement advising him that if he did not pay additional premiums, his policy could terminate as early as May 1997. Because

Del Vecchio did not file this lawsuit until 1998, Del Vecchio's breach of contract claims are barred by the applicable statutes of limitation.

### III. Breach of Fiduciary Duty

 Del Vecchio argues that Bankers breached its fiduciary duty to him by underpaying dividends on the policy and by representing to him that he would not have to pay additional premiums. The parties disagree as to the appropriate statute of limitation. Del Vecchio asserts that breach of fiduciary duty stems from contract and therefore the statute of limitation is ten years. Bankers, on the other hand, asserts that breach of fiduciary duty stems from tort and therefore the statute of limitation is two years.

This Court recently confirmed in *Shriner v. Sheehan* that breach of fiduciary duty is a tort claim for injury to personal property and therefore the statute of limitation is two years. 773 N.E.2d 833, 846 (Ind.Ct.App.2002) (relying on *Bacompt Sys., Inc. v. Ashworth*, 752 N.E.2d 140 (Ind.Ct.App.2001), *trans. denied*, and *Mack v. Am. Fletcher Nat'l Bank & Trust Co.*, 510 N.E.2d 725 (Ind.Ct.App.1987), *reh'g denied, trans. denied* ), *trans. denied*; *see also* Ind.Code § 34–11–2–4(2). Del Vecchio's claim for breach of fiduciary duty is time-barred because the cause of action accrued in 1985, and he did not file this lawsuit until 1998.

### IV. Breach of Duty of Good Faith and Fair Dealing

 Del Vecchio argues that Bankers breached the duty of good faith and fair dealing "by not setting aside sufficient funds to pay policy dividends," by failing to keep the promise that his policy would remain in force for the rest of his life without additional premium payments, and by allowing the cash value of his policy to fall below the projected value. Appellant's Br. p. 12. Once again, the parties disagree as to the appropriate statute of limitation. Del Vecchio asserts that breach of duty of good faith and fair dealing stems from contract and therefore the statute of limitation is ten years. Bankers, however, asserts that breach of duty of good faith and fair dealing stems from tort and therefore the statute of limitation is two years.

The United States District Court for the Northern District of Indiana recently addressed this issue in *Lewis v. Methodist Hospital, Inc.*, 205 F.Supp.2d 987 (N.D.Ind.2002). In *Lewis*, the district court first observed that Indiana does not impute into every contract a duty of good faith and fair dealing. *Id.* at 994; *see also Allen v. Great Am. Reserve Ins. Co.*, 766 N.E.2d 1157, 1162 (Ind.2002). Next, the district court observed that such a duty arises only in limited circumstances, such as when a fiduciary relationship exists. *Lewis*, 205 F.Supp.2d at 994–95. As a result of these observations, the district court concluded "that a claim that an implied covenant of good faith and fair dealing has been breached is really a claim of breach of fiduciary duty." *Id.* at 995. We agree with the Northern District of Indiana on this point and therefore hold that breach of duty of good faith and fair dealing is governed by the same two-year statute of limitation as breach of fiduciary duty. *See* Ind.Code § 34–11–2–4(2). Del Vecchio's claim for breach of duty of good faith and fair dealing is time-barred because he should have brought this claim no later than 1987.

### V. Unjust Enrichment and Imposition of a Constructive Trust

 Del Vecchio argues that Bankers was unjustly enriched because it underpaid dividends on his policy and allowed the cash value of his policy to fall

below the projected value and therefore a constructive trust should be imposed on all monies wrongfully obtained. Fraud, either actual or constructive, is a prerequisite to the imposition of a constructive trust. *Shafer v. Lambie,* 667 N.E.2d 226, 229 (Ind.Ct.App.1996). As a result, constructive trusts are subject to the six-year statute of limitation for fraud. *Estates of Kalwitz v. Kalwitz,* 717 N.E.2d 904, 914 (Ind.Ct.App.1999); *Shafer,* 667 N.E.2d at 229; *see also* Ind.Code § 34–11–2–7(4). Because Del Vecchio did not bring this claim six years after receiving his 1985 annual statement, it is barred by the statute of limitation.[2]

## Conclusion

The cause of action accrued in 1985 when Del Vecchio received his annual statement because Del Vecchio, through the exercise of ordinary diligence, could have discovered that Gennaco's alleged assurances were false. Because the statutes of limitation for Counts I, IV, VI, and VII range from two to ten years and Del Vecchio did not file this lawsuit until 1998, we conclude that the counts are time-barred and therefore affirm the trial court's entry of summary judgment in favor of Bankers.

Judgment affirmed.

FRIEDLANDER and ROBB, JJ., concur.

---

**2.** In light of our holding that Counts I, IV, VI, and VII are barred by the applicable statutes of limitation, we do not need to address whether the trial court erred in striking two documents from the summary judgment record because we are not reaching the merits of any of these counts.