**Eugene KING, Appellant,**

v.

**Tom TERRY, Appellee.**

No. 18A02–0307–CV–601.

Court of Appeals of Indiana.

March 22, 2004.

Donald D. Chiappetta, Muncie, IN, Attorney for Appellant.

Jon L. Orlosky, Muncie, IN, Attorney for Appellee.

## OPINION

MATHIAS, Judge.

Eugene King ("King") filed suit against Tom Terry ("Terry") in Delaware Circuit Court. Terry moved to dismiss, and the trial court granted his motion. King appeals, and the parties present the following restated issues for review:

I. Whether King's complaint alleges *quantum meruit;* and

II. When the statute of limitations for King's claim began to accrue.

Concluding King's complaint alleges *quantum meruit* and the statute of limitations began to accrue on February 2, 1995, we affirm.

### Facts and Procedural History

On July 25, 1991, King purchased real property located at 308 East 13th Street, Muncie, from Hugh Brown ("Brown"). King received a deed to this property but failed to record it. Following this purchase, King requested the Delaware County Treasurer ("Treasurer") to issue a tax statement for 308 East 13th Street. However, the Treasurer mistakenly issued King a tax statement for "608" East 13th

Street. *Id.* King, unaware of this error, paid the tax for the wrong property.[1] *Id.*

When King's taxes for his 308 East 13th Street property became delinquent, the Delaware County Auditor ("Auditor") sold the property at a tax sale to Terry on October 20, 1993. In an effort to obtain a valid tax deed, Terry twice sent notice of the tax sale by certified mail to Brown, who was the owner of record as a result of King's failure to record. Both notices were returned. In a last attempt to contact the previous owner, Terry attached a copy of the tax sale to the house located at 308 East 13th Street.

On December 28, 1994, Terry petitioned for, and was issued, a tax deed to the 308 East 13th Street property. On January 25, 1995, Terry contacted the Housing Authority, informed it that he had purchased the 308 East 13th Street property, presented it with his tax deed, and requested that the rental payments be made to him. On the following day, the Housing Authority informed King it was canceling his rental contract.

King was unaware of his tax deficiencies and hired counsel to look into the matter. On February 2, 1995, King filed a motion to vacate Terry's tax deed. The trial court denied King's motion and his subsequent Motion to Correct Error. King then appealed. Based upon Terry's failure to comply with the notice provisions for tax sales, this court reversed and ordered the trial court to vacate Terry's tax deed. *See King v. Terry*, 18C01–9412–MI–72, slip op. at 6–7 (Ind.Ct.App. January 14, 1997).

On September 26, 1997, King sued Terry in Delaware Superior Court to recover $11,596.00 in rental proceeds, which Terry collected while in possession of King's property. King's case was transferred to Delaware Circuit Court on jurisdictional grounds, and the circuit court dismissed King's suit on jurisdictional grounds.

On April 24, 2001, King filed the complaint at bar in Delaware Circuit Court. Terry filed a Trial Rule 12(B)(6) motion to dismiss, alleging King's complaint is barred by the statute of limitations. Tr. p. 24. The trial court held that (1) the statute of limitations for King's cause of action began to accrue on January 26, 1995 and (2) that King's April 24, 2001 filing date exceeded the statute of limitations. King now appeals.

## I. Standard of Review

Before addressing the merits of the parties' arguments, we must first *sua sponte* determine whether this case is properly before us as a Trial Rule 12(B)(6) motion.

When reviewing a Trial Rule 12(B)(6) dismissal, "we look only to the complaint and may not resort to ... the record." *Parks v. Madison County*, 783 N.E.2d 711, 718 (Ind.Ct.App.2002), *trans. denied.* Both parties rely on factual assertions not contained in King's complaint. Consequently, Trial Rule 12(B)(6) is an improper foundation for review, and we consider Terry's motion to be a Trial Rule 56 motion for summary judgment. *See Dixon v. Siwy*, 661 N.E.2d 600, 603–05 (Ind.Ct.App.1996).

Summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Catt v. Bd. of Comm'rs*, 779 N.E.2d 1, 3 (Ind.2002). All facts and reasonable inferences drawn therefrom are construed in favor of the nonmoving party. *Id.*

---

1. King entered a contract with the Housing Authority to rent the property at issue for $390.00 per month.

## II. King's Cause of Action

■ Terry contends King's complaint, titled "Petition for Recovery of Monies Due and Owing and for Breach of Contract," is a tortious interference with contract claim, which has a two-year statute of limitations. King contends his title is a typographical error and his complaint is in *quantum meruit,* which has a six-year statute of limitations.

■ The nature or substance of the cause of action, rather than the form of the action, determines the applicable statute of limitations. *Craig v. ERA Mark Five Realtors,* 509 N.E.2d 1144, 1149 (Ind.Ct. App.1987). When two statutes of limitations may apply, any doubt should be resolved in favor of applying the longer statute. *INS Investigations Bureau, Inc. v. Lee,* 709 N.E.2d 736, 743 (Ind.Ct.App. 1999), *trans. denied.*

■ To prevail on a claim of *quantum meruit*—also referred to as unjust enrichment—the plaintiff must establish that a measurable benefit has been conferred upon the defendant under such circumstances that the defendant's retention of the benefit would be unjust. *Inlow v. Inlow,* 797 N.E.2d 810, 816 (Ind.Ct.App. 2003) (citing *Bayh v. Sonnenburg,* 573 N.E.2d 398, 408 (Ind.1991), *cert. denied* ). King's complaint alleges:

> [Terry] wrongfully utilized the real property of [King] to secure rents and profits, which were rightfully the property of [King]; [Terry] has been unjustly enriched at the expense of [King].

Appellant's App. p. 26. This language establishes a cause of action in *quantum meruit.*

Terry contends King's complaint is not in *quantum meruit* because "there is no allegation nor was there any evidence that [King] ever had a contractual relationship with [Terry]." Br. of Appellee at 7. How-

ever, Terry's assertion is misplaced, as it is the absence of a contractual relationship that allows a claim in *quantum meruit.*

■ *Quantum meruit* is an equitable doctrine permitting recovery "where the circumstances are such that under the law of natural and immutable justice there should be recovery as though there has been a promise." *Bayh,* 573 N.E.2d at 408 (citing *Clark v. Peoples Sav. & Loan Ass'n,* 221 Ind. 168, 171, 46 N.E.2d 681, 682 (1943)). *Quantum meruit's* origin predates the merger of the courts of chancery and law. Consequently, a contract precludes application of *quantum meruit* because (1) a contract provides a remedy at law and (2)—as a remnant of chancery procedure—a plaintiff may not pursue an equitable remedy when there is a remedy at law. *Id.*

Accordingly, King's complaint establishes a *quantum meruit* claim, which has a six-year statute of limitations. Ind.Code § 34–11–2–7 (1999).

## III. The Accrual of King's Cause of Action

■ Under Indiana's discovery rule, a cause of action accrues and the statute of limitations begins to run when the plaintiff knew or could have discovered an injury. *Del Vecchio v. Conseco, Inc.,* 788 N.E.2d 446, 449 (Ind.Ct.App.2003), *trans. denied.* It is not necessary that the full extent of the injury be known. *Id.* The discovery rule applies to claims in *quantum meruit. Id.*

Terry claims King's complaint began to accrue when the Housing Authority informed King it was canceling his contract on January 26, 1995—rendering King's April 24, 2001 complaint beyond the six-year statute of limitations. We disagree. When King received this notice, he could not have filed a complaint to recover the rental proceeds at issue because he was

unaware of Terry's tax deed's validity. If Terry's deed were properly issued, King would have had no basis for filing the complaint at bar.

King contends his cause of action accrued when Terry's tax deed was voided on May 1, 1997—rendering his April 24, 2001 complaint within the six-year statute of limitations. We also disagree with King's proffered accrual date. King's February 2, 1995 Motion to Set Aside Default Judgment stated he "had reason to believe" Terry had not complied with Indiana Code section 6–1.1–25–4.5. *See* February 2, 1995 Motion to Set Aside Default Judgment, p. 3. At this point then, King had reason to believe that Terry was collecting rent on the basis of an invalid deed and had a cause of action against Terry.

King claims he could not have filed the complaint at bar until the trial court voided Terry's tax deed. Br. of Appellant at 9–10 (citing Ind.Code § 6–1.1–25–4.6(h)). Indiana Code section 6–1.1–25–4.6(h) states:

> A tax deed issued under this section is incontestable except by appeal from the order of the court directing the county auditor to issue the tax deed filed not later than sixty (60) days after the date of the court's order.

Ind.Code § 6–1.1–25–4.6(h) (2000). However, King's current complaint is not challenging a "tax deed;" it is challenging Terry's "unjust recovery" of rental proceeds. King's recovery of these proceeds may have been contingent upon his success in voiding Terry's tax deed; however, King offers no argument indicating he was precluded from joining his initial cause of action and the one at bar. *See* Ind. Trial Rule 18(A).

King's claim began to accrue on February 2, 1995.

**Conclusion**

King's April 24, 2001 filing was beyond his six-year statute of limitations.

Affirmed.

SHARPNACK, J., and VAIDIK, J., concur.