## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 11 2019, 8:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Mark Small
Indianapolis, Indiana

Roberta L. Ross
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Shane A. Toland
Toland Law Firm
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dean Griffin d/b/a Mighty
Motors, Inc.,

*Appellant-Defendant,*

v.

Edward Stephens,

*Appellee-Plaintiff.*

December 11, 2019

Court of Appeals Case No.
19A-SC-1497

Appeal from the Johnson Circuit
Court

The Honorable Andrew Roesener,
Judge
The Honorable Douglas B.
Cummins, Magistrate

Trial Court Cause No.
41C01-1901-SC-23

**Bradford, Judge.**

# Case Summary

[1] On January 4, 2019, Edward Stephens filed an action against Dean Griffin d/b/a Might Motors, Inc. ("Griffin") in small-claims court alleging breach of contract. The small-claims court found in favor of Stephens and awarded him $4160. Griffin raises various challenges to the small-claims court's judgment on appeal. We affirm.

# Facts and Procedural History

[2] Griffin had completed auto-repair work for Stephens for a number of years prior to the situation giving rise to the instant controversy. Stephens had also purchased a number of vehicles from Griffin, which Griffin purchased as salvage automobiles and repaired for Stephens. In these transactions, Griffin assisted Stephens in purchasing a vehicle from an auction website to which Griffin, but not Stephens, had access and completed any necessary repairs. Once repairs were complete, the vehicles were inspected by police before the vehicles and titles were transferred to Stephens. Upon completion of the work and inspection, Stephens wrote a check for Griffin's repair work and Griffin transferred the vehicles to Stephens. The "typical" turnaround on the vehicles was "[p]robably within four (4) to six (6) weeks," although one vehicle took "about eight (8) months." Tr. p. 7.

[3] In 2011, Stephens entered into a verbal agreement with Griffin to purchase a Dodge pickup truck (the "truck"). Stephens went to Griffin's office wherein he

and Griffin looked on Griffin's computer at vehicles that were up for auction. They found a "Dodge pickup truck and bid on it." Tr. p. 8. They won the bid and Stephens provided a cashier's check for $3155 to pay for the truck. After it was delivered to Griffin, Griffin and Stephens "discovered that the bed on [the truck] could not be repaired." Tr. p. 8. They subsequently bought a second truck for parts. Stephens provided a cashier's check for $1015 for the second truck, which was purchased within six months of the first. Griffin informed Stephens that he had two or three insurance jobs to complete before he could work on the truck. Stephens indicated that "that should work." Tr. p. 9. He thought that meant the work would be completed "within a year or so." Tr. p. 14. Griffin never completed the repairs.

[4] On January 4, 2019, Stephens filed a notice of claim in the small-claims court, alleging breach of contract. In making this claim, Stephens alleged that Griffin "has had [the] vehicles since 2011 [and] refuses to do [the repair] work." Appellant's App. Vol. II p. 6. Stephens requested a judgment in the amount of $5565 plus court costs. Following evidentiary hearings on April 22, 2019 and May 21, 2019, the small-claims court issued an order awarding Stephens $4160.[1]

---

[1] In requesting $5565 in damages, Stephens requested both the $4160 that he paid for the trucks and additional funds allegedly paid to Griffin for parts and repairs. The small-claims court granted Stephen's request for the $4160 paid for the trucks but denied Stephen's request for the additional funds, finding "the evidence insufficient to award any other monies requested." Appellant's App. Vol. II p. 22. We will not disturb this finding on appeal.

# Discussion and Decision

[5] On appeal, Griffin contends that the small-claims court abused its discretion in finding that Stephen's action was not barred by the applicable six-year statute of limitation. Alternatively, he contests the small-claims court's determination that the parties had entered into a valid oral contract. Griffin also contends that the small-claims court abused its discretion in denying the requests for compensation raised in his counterclaim.

# I. Statute of Limitations

[6] Griffin contends that the small-claims court abused its discretion by determining that the breach-of-contract action was not barred by the applicable six-year statute of limitation. A cause of action alleging a breach of an oral contract "must be commenced within six (6) years after the cause of action accrues." Ind. Code § 34-11-2-7(a).

> Under Indiana's discovery rule, a cause of action accrues, and the statute of limitation begins to run, when the plaintiff knew or in the exercise of ordinary diligence could have discovered that an injury had been sustained as a result of the tortious act of another. For a cause of action to accrue, it is not necessary that the full extent of the damage be known or even ascertainable but only that some ascertainable damage has occurred. The discovery rule applies to both tort and contract claims.

*Del Vecchio v. Conseco, Inc.*, 788 N.E.2d 446, 449 (Ind. Ct. App. 2003) (internal citations omitted).

[7]   It is undisputed that the necessary repairs have not been completed. When asked why the repairs had not been completed, Griffin responded that he is "a very busy man." Tr. p. 31. Griffin introduced the testimony of Jennifer Staten, an employee of Griffin's body shop, and Mark Sulzberger, another client of Griffin's, to establish that it was common practice for his body shop to take long periods of time to complete non-priority repairs. Staten testified that Griffin does not give customers a time frame for completing repairs of the nature of the repairs at issue because such repairs are of the lowest priority and are completed as time permits. For example, Staten testified that another vehicle has been at the body shop "for probably over eight (8) years" without the repairs being completed. Tr. p. 51. Sulzberger testified that Griffin has had a vehicle that belongs to him in his shop "for three (3) years, four (4)" without completing the requested repairs. Tr. p. 72.

[8]   While Stephens testified that he does not believe that work has been done on the truck since mid-2012, Griffin's own evidence supports an inference that Stephens could not have learned that the cause of action had accrued for quite some time after the parties entered into the agreement for Griffin to repair the truck. Griffin's evidence supports an inference that it was not uncommon for him to take long periods of time to complete repairs of this nature. This fact, coupled with the fact that Griffin indicated that the two men spoke about the truck "'bout two (2) years ago," tr. p. 35, supports the small-claims court's determination that the six-year statute of limitations had not expired.

[9] Further, while Griffin presented evidence suggesting that he informed Stephens at some point that he would no longer work on the truck and instructed Stephens to remove it from his body shop, Stephens disputes that he was ever instructed to remove the truck from Griffin's body shop. Regardless, even if the instruction was given, the record does not support an inference that it was given more than six years prior to the initiation of the underlying lawsuit. The small-claims court did not abuse its discretion in finding that the case was not barred by the applicable six-year statute of limitations.

## II. Evidence of an Oral Contract

[10] Alternatively, Griffin argues that the record is devoid of evidence establishing that he and Stephens entered into an oral contract regarding the repairs to the truck.

> The existence of a contract is a question of law. The basic requirements of a contract are offer, acceptance, consideration, and a meeting of the minds of the contracting parties. For an oral contract to exist, parties have to agree to all terms of the contract. If a party cannot demonstrate agreement on one essential term of the contract, then there is no mutual assent and no contract is formed.

*Barrand v. Martin*, 120 N.E.3d 565, 572 (Ind. Ct. App. 2019) (internal citations and quotation omitted), *trans. denied*.

[11] Griffin argues that there could be no contract because there was no consideration.

The concept of consideration is oftentimes encapsulated by the phrase bargained for exchange. To constitute consideration, there must be a benefit accruing to the promisor or a detriment to the promisee. A benefit is a legal right given to the promisor to which the promisor would not otherwise be entitled. A detriment, on the other hand, is a legal right the promisee has forborne.

*DiMizio v. Romo*, 756 N.E.2d 1018, 1022–23 (Ind. Ct. App. 2001) (internal citations and quotations omitted). "The doing of an act by one at the request of another which may be a detrimental inconvenience, however slight, to the party doing it or may be a benefit, however slight, to the party at whose request it is performed, is legal consideration for a promise by such requesting party." *Harrison-Floyd Farm Bureau Co-op Ass'n v. Reed*, 546 N.E.2d 855, 857 (Ind. Ct. App. 1989). "A mere promise is sufficient as consideration if it is the result of a bargained for exchange." *Monarch Beverage Co. v. Ind. Dept. of State Revenue*, 589 N.E.2d 1209, 1212 (Ind. Tax Ct. 1992). "[W]hether consideration exists is generally a question of law for the court." *Lily, Inc. v. Silco, LLC*, 997 N.E.2d 1055, 1068 (Ind. Ct. App. 2013).

[12] The small-claims court found that the parties had entered into an oral contract. Because we conclude that all of the basic requirements for a contract were encompassed in the parties' agreement, we agree. The parties' agreement satisfies the consideration requirement as it sets forth a bargained-for-exchange. Stephens and Griffin agreed on the essential terms of the contract, *i.e.*, that Griffin would help Stephens purchase the truck from a website available to Griffin, Griffin would complete the necessary repairs, and, upon completion,

Stephens would pay Griffin for the work completed. Stephens and Griffin exchanged promises to complete repair work in exchange for payment and for payment in exchange for the completed repairs. For some time, both parties acted in a manner consistent with this agreement, which was consistent with prior agreements entered into by Griffin and Stephens. Griffin himself also acknowledges that Stephens provided the funds to acquire both trucks as well as additional funds, which Griffin used to procure parts for the truck.

## III. Denial of Compensation Requested in Griffin's Counterclaim

[13] Griffin also contends that the small-claims court abused its discretion in denying the requests for compensation set forth in his counterclaim against Stephens. In this counterclaim, Griffin sought $45 per day in storage fees for the truck and the spare parts truck, which have remained in his shop since they were purchased. While Griffin suggests that Stephens could have removed the trucks from his body shop, he acknowledged that both the truck and the spare parts truck are titled in his name. Given this fact, we are unpersuaded by Griffin's suggestion that Stephens simply could have removed the trucks at any time. Griffin also sought $2774.41 for work that he claimed to have completed on the truck, indicating that the repairs were "three-quarters" completed. Tr. p. 41. While Griffin acknowledges that he agreed to fix the truck, he also indicated that he is "a busy man and [has not] had time in seven (7) years" to complete the necessary work. Tr. p. 34. The small-claims court found that "As [Griffin] failed to sign over the titles to the truck and thereby relinquish

ownership to [Stephens], [Griffin] now owns both trucks and any repairs have been made to vehicles he now owns." Appellant's Br. p. 23. We cannot say that the small-claims court abused its discretion in denying Griffin's counterclaim requests.

[14] The judgment of the small-claims court is affirmed.

Vaidik, C.J., and Riley, J., concur.