

I N T H E

# Court of Appeals of Indiana

Hamilton National Title LLC,

*Appellant-Defendant*

v.

Linda Rothrock Jurus,

*Appellee-Plaintiff*



FILED

Jul 03 2025, 9:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

July 3, 2025

Court of Appeals Case No.
24A-PL-2872

Appeal from the Elkhart Superior Court

The Honorable Teresa L. Cataldo, Judge

Trial Court Cause No.
20D03-2202-PL-40

**Opinion by Judge Bailey**
Judges Brown and Weissmann concur.

**Bailey, Judge.**

## Case Summary

In 2015, Linda Rothrock Jurus entered into a land contract to sell her property, but she reserved a life estate. Jurus hired Hamilton National Title LLC ("Hamilton") to prepare the closing documents, including a warranty deed. After the purchaser of Jurus' property died, his beneficiary transferred the property to herself without mention of the life estate. Jurus discovered that the 2015 warranty deed did not contain the life estate. In a separate lawsuit, Jurus filed a complaint against the beneficiary and asked the trial court to reform the warranty deed to include the life estate. The court ruled in favor of Jurus. The beneficiary appealed, and this Court affirmed.

Thereafter, in 2022, Jurus filed a complaint for breach of contract against Hamilton in the instant case, and she sought to recover almost $27,000 that she had spent in the lawsuit against the beneficiary and the related appeal. Hamilton filed a motion to dismiss and alleged that Jurus' complaint was one for legal malpractice and was barred by a two-year statute of limitations. The court found that the claim was one for breach of a written contract subject to a ten-year statute of limitations and denied Hamilton's motion to dismiss. Thereafter, Jurus filed a motion for summary judgment, which the trial court granted. Hamilton now appeals. We affirm.

## Issues

Hamilton raises the following three issues for our review:

1. Whether the trial court erred when it denied Hamilton's motion to dismiss.

2. Whether the court erred when it entered summary judgment in favor of Jurus.

3. Whether the trial court abused its discretion when it awarded Jurus prejudgment interest.

## Facts and Procedural History

[4] Jurus owned approximately ten acres of land in Goshen. In July 2014, Jurus entered into a land contract with Joe Bailey. Pursuant to that contract, Bailey agreed to purchase the real estate for $155,000, to be paid in monthly installments beginning on August 1, 2014, and ending on July 31, 2019. However, the parties agreed that Jurus would "retain[] a life estate in the real estate upon which is erected the main residence[.]" Appellant's App. Vol. 2 at 33 (emphasis removed). The contract also included a clause that, upon successful completion of the conditions of the contract by Bailey, Jurus would convey a warranty deed, subject to her "life estate[.]" *Id.*

[5] In early 2015, Bailey informed Jurus that he wished to pay the balance due on the contract. Jurus hired Hamilton to prepare the closing documents. On April 9, 2015, Jurus and Bailey closed on the sale of the land. At closing, the parties signed a U.S. Department of Housing and Urban Development ("HUD") Settlement Statement that listed a fee of $60.00 for "Deed and Affidavit Preparation." *Id.* at 39. Hamilton also presented an American Land Title Association ("ALTA") commitment form that identified the parties and

described the land and included a section on "Special Exceptions" that specifically noted the "[r]ights, terms, provisions, conditions, and limitations contained in the contract of sale (or memorandum of sale) entered into" by Jurus and Bailey. *Id*. at 45. Hamilton also presented Jurus with a warranty deed. The deed included a statement that it was "in full and final satisfaction of the Memorandum of Land Contract entered into by" Jurus and Bailey, but it did not include the life estate. *Id*. at 52. Jurus signed that warranty deed. Following the sale, Jurus and Bailey continued to act pursuant to the terms of the land contract, with Jurus living on the property and paying certain bills.

[6] In May 2018, Bailey died. Becky Cutter, Bailey's personal representative, opened Bailey's estate. Sometime between October 31 and November 25, 2018, Jurus obtained a copy of the 2015 warranty deed and discovered that the life estate had not been included. Then, on April 10, 2019, Cutter executed a personal representative's deed and conveyed the real estate to herself, without reference to Jurus' life interest. When Jurus learned of the execution of Cutter's deed, she asked Cutter to execute a quitclaim deed that contained the life estate, but Cutter refused.

[7] On January 15, 2020, Jurus filed a complaint for reformation of instruments against Cutter and alleged that the warranty deed prepared by Hamilton had "erroneously omitted an explicit reservation of a life estate" for Jurus. Appellant's App. Vol. 3 at 88. And Jurus asked the court to reform both her 2015 warranty deed to Bailey and Cutter's deed to herself. Jurus and Cutter then filed cross-motions for summary judgment. In its order, the trial court

found that the evidence demonstrated that Bailey "intended for [Jurus] to retain a life estate in the real estate[.]" *Id*. at 116. The court further found that the "A.L.T.A. Commitment, Schedule B Part II (Exceptions) at paragraph 15, specifically provides that the policy or policies of insurance to be issued will contain" as an exception the conditions contained in the contract of sale. *Id*. Accordingly, the court concluded that "the person who drafted the Warranty Deed erred by omitting from the Warranty Deed a reservation by [Jurus] of her life estate which was emphatically included in the referenced contract." *Id*. The court then entered summary judgment in favor of Jurus and ordered that the deeds be reformed to include the life estate.

[8]     Cutter appealed and argued that the trial court should have entered summary judgment in her favor because the intentions of Jurus and Bailey ought to have been understood from the 2015 warranty deed alone and not any prior contract. *See Cutter v. Jurus*, 177 N.E.3d 492, 496-97 (Ind. Ct. App. 2021). This Court concluded that there was no genuine issue of material fact regarding the parties' intentions and affirmed the trial court. In total, Jurus spent $26,979.51 in costs and attorney's fees in order to get the deeds reformed and to defend the appeal.

[9]     On February 24, 2022, Jurus filed a complaint against Hamilton in the instant cause and alleged that Hamilton "had a contractual duty . . . to prepare a deed that would convey the real estate to Bailey but reserve to her a life estate as provided in" the contract for the sale of the land. Appellant's App. Vol. 2 at 29. She further alleged that Hamilton had "breached its contract with Jurus when it omitted a reservation for her of a life estate from the deed it prepared for the

closing[.]" *Id*. And Jurus maintained that, "[o]n account of Hamilton's breach of contract," she "had been damaged in the amount of the legal expenses she had incurred in order to correct" the erroneous deed. *Id*. at 30. Jurus attached to her complaint a copy of the sales agreement between her and Bailey, the HUD settlement statement, the ALTA commitment form, and the sales disclosure form.

[10] Hamilton filed a motion to dismiss and asserted that Jurus' claim, while framed as one for breach of contract, "sound[ed] in legal malpractice because it involve[d] allegations that Hamilton negligently drafted the warranty deed." *Id*. at 70. And Hamilton asserted that legal malpractice claims are subject to a two-year statute of limitations, such that Jurus' claim, which she filed seven years after she signed the warranty deed, was untimely.

[11] Jurus responded that her claim was not for legal malpractice because she was not a client of the attorney who prepared the deed. She asserted that her cause of action was based on a contract she had entered into with Hamilton to prepare a deed that was consistent with the sales contract. And she maintained that, because her cause of action was one for breach of contract, a ten-year statute of limitations applied and her complaint was not time-barred. The trial court found that breach of contract was the "proper theory" for Jurus' claim because the settlement statement constituted a written contract and that her complaint was subject to a ten-year statute of limitations. *Id*. at 20. Accordingly, the court denied Hamilton's motion to dismiss.

Hamilton filed its answer and, as an affirmative defense, again asserted that Jurus' claim was barred by the statute of limitations. Jurus then filed a motion for summary judgment and argued that there was no genuine issue of material fact and that Hamilton had breached its contract with her.

In its order, the court noted that it had "already determined that [Jurus] entered into a written contract with [Hamilton]" pursuant to which Hamilton was required to "obtain and present for use at the closing a Warranty Deed consistent with a contract for sale and purchase of real estate." *Id*. at 23. The court then found that "the evidence establishes that [Hamilton] breached its contract with [Jurus] by tendering a defective deed" and that Hamilton's breach caused Jurus to incur expenses in order to "engage in litigation with a third party to protect her interests." *Id*. at 24. As such, the court granted Jurus' motion for summary judgment and awarded her $26,979.51 "plus prejudgment interest on that amount from February 24, 2022[.]" *Id*. This appeal ensued.

## Discussion and Decision

### Issue One: Motion to Dismiss

Hamilton first asserts that the trial court erred when it denied Hamilton's Indiana Trial Rule 12(B)(6) motion to dismiss Jurus' complaint. As the Indiana Supreme Court has stated:

> A motion to dismiss under Rule 12(B)(6) tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief. *See Kitco, Inc. v. Corp. for Gen.*

*Trade*, 706 N.E.2d 581 (Ind. Ct. App. 1999). Thus, while we do not test the sufficiency of the facts alleged with regards to their adequacy to provide recovery, we do test their sufficiency with regards to whether or not they have stated some factual scenario in which a legally actionable injury has occurred.

A court should "accept[] as true the facts alleged in the complaint," *Minks v. Pina*, 709 N.E.2d 379, 381 (Ind. Ct. App. 1999), and should not only "consider the pleadings in the light most favorable to the plaintiff," but also "draw every reasonable inference in favor of [the non-moving] party." *Newman v. Deiter*, 702 N.E.2d 1093, 1097 (Ind. Ct. App. 1998).

*Trail v. Boys & Girls Club of Nw. Ind.*, 845 N.E.2d 130, 134 (Ind. 2006) (alterations in original).

[15] Hamilton contends that the trial court erred when it denied Hamilton's motion to dismiss because Jurus filed her complaint after the statute of limitations had run. "A motion to dismiss for failure to state a claim [upon] which relief [can] be granted is an appropriate means of raising the statute of limitations." *Brown v. Vanderburgh Cnty. Sheriff's Dep't*, 85 N.E.3d 866, 869 (Ind. Ct. App. 2017).

[16] Hamilton specifically asserts that Jurus' claim, while identified as one for breach of contract, is actually a claim for legal malpractice, which is subject to a two-year statute of limitations. Ind. Code § 34-11-2-4. And it is clear from the complaint that Jurus filed her complaint more than two years after Hamilton had prepared the deed. Jurus responds and maintains that her complaint is one for breach of a written contract, which is subject to a ten-year statute of

limitations, and that she filed her claim well within that time frame. I.C. § 34-11-2-11.

[17] It is well settled that the "'nature or substance of the cause of action, rather than the form of the action, determines the applicable statute of limitations.'" *Sollers Point Co. v. Zeller*, 145 N.E.3d 790, 798 (Ind. Ct. App. 2020) (quoting *King v. Terry*, 805 N.E.2d 397, 400 (Ind. Ct. App. 2004)). Thus, to determine which statute of limitations applies, we must determine the substance of Jurus' complaint. Hamilton alleges that the nature or substance of Jurus' complaint is legal malpractice because the warranty deed was prepared by an attorney, which is required under Indiana law. *See State ex rel. Ind. State Bar Ass'n v. Northouse*, 848 N.E.2d 668, 672 (Ind. 2006). As such, Hamilton maintains that "the true nature of Jurus' action is one for recovery predicated on acts of malpractice." Appellant's Br. at 31. We cannot agree.

[18] Indiana's rules of notice pleading do not require the complaint to state all elements of a cause of action, but the plaintiff must still plead the operative facts necessary to set forth an actionable claim. *State v. Am. Fam. Voices, Inc.*, 898 N.E.2d 293, 296 (Ind. 2008). And, here, Hamilton's complaint sufficiently stated a claim for breach of contract.

[19] "A contract is 'an agreement between two or more parties creating obligations that are enforceable or otherwise recognizable at law.'" *West Am. Ins. Co. v. Cates*, 865 N.E.2d 1016, 1021 (Ind. Ct. App. 2007) (quoting Black's Law Dictionary 318 (7th ed. 2001)). Jurus attached to her complaint the HUD

settlement statement, which demonstrates that she paid Hamilton $60.00 for "Deed and Affidavit Preparation." Appellant's App. Vol. 2 at 39. Jurus also attached the special exceptions section of the ALTA commitment which specifically referenced the "[r]ights, terms, provisions, conditions, and limitations contained in the contract for sale" entered into by Jurus and Bailey. *Id*. at 45. And she attached the sales contract, which specifically provided that Jurus would "retain[] a life estate in the real estate[.]" *Id*. at 33 (emphasis removed). Thus, Jurus claimed that she agreed to pay Hamilton money, and, in exchange, Hamilton agreed to draft closing documents, including a warranty deed that met Jurus' requirements. Those are allegations that state a claim that a contract existed.

[20] Stated differently, the face of Jurus' complaint and attached documents show that she agreed to pay money to Hamilton and, by accepting that money, Hamilton agreed to prepare a warranty deed that met Jurus' requirements. It is of no moment that the deed was drafted by one of Hamilton's attorneys. Jurus claimed that Hamilton agreed to draft an accurate deed consistent with the land contract. And Jurus claimed that Hamilton failed to hold up its end of the bargain when it did not draft a warranty deed that included the life estate, which is a claim for breach of contract.

[21] Because Jurus' complaint was one for breach of a written contract, the applicable statute of limitations is ten years. *See* I.C. § 34-11-2-11. And Jurus filed her complaint against Hamilton on February 24, 2022. Even assuming that

the applicable date that the statute began to run was April 9, 2015,[1] Jurus filed her complaint well within that ten-year limit. As such, the trial court did not err when it denied Hamilton's motion to dismiss.

### Issue Two: Summary Judgment

[22] Hamilton next asserts that the trial court erred when it entered summary judgment in favor of Jurus. The Indiana Supreme Court has explained that

> [w]e review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id.* (internal citations omitted).
>
> The initial burden is on the summary-judgment movant to "demonstrate [ ] the absence of any genuine issue of fact as to a determinative issue," at which point the burden shifts to the nonmovant to "come forward with contrary evidence" showing an issue for the trier of fact. *Id.* at 761-62 (internal quotation marks and substitution omitted). And "[a]lthough the non-moving party has the burden on appeal of persuading us that the

---

[1] The parties dispute whether the discovery rule applies and whether the statute began to run when Jurus signed the defective warranty deed on April 9, 2015, or when she discovered that the deed was defective in October or November 2018. Since we hold that the applicable statute of limitations is ten years, we need not decide which date is correct as both dates fall within the required time.

grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that he was not improperly denied his day in court." *McSwane v. Bloomington Hosp. & Healthcare Sys.*, 916 N.E.2d 906, 909-10 (Ind. 2009) (internal quotation marks omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014) (omission and some alterations original to *Hughley*).

[23] Here, the trial court entered findings of fact and conclusions thereon in its summary judgment order. While such findings and conclusions are not required in a summary judgment and do not alter our standard of review, they are helpful on appeal for us to understand the reasoning of the trial court. *See Knighten v. E. Chicago Hous. Auth.*, 45 N.E.3d 788, 791 (Ind. 2015).

[24] On appeal, Hamilton challenges the court's entry of summary judgment in favor of Jurus on her claim for breach of contract. To prevail on that claim, Jurus was required to prove the existence of a contract, that Hamilton breached the contract, and damages therefrom. *Old Nat'l Bank v. Kelly*, 31 N.E.3d 522, 531 (Ind. Ct. App. 2015), *trans. denied.* Here, Hamilton contends that Jurus did not prove the existence of a contract. Specifically, Hamilton contends that, "[f]or all practical purposes," the HUD settlement statement "functions as a receipt." Appellant's Br. at 38. Hamilton further contends that there "is no language in the Settlement Statement instructing Hamilton to draft a deed with an express life interest." *Id*. at 40. And Hamilton maintains that Jurus' designated materials do not "eliminate all doubt surrounding what she and Hamilton contracted for[.]" *Id*. at 45.

[25] However, Jurus designated as evidence the HUD settlement statement, the ALTA commitment form, and the sales contract between her and Bailey. And the HUD settlement statement demonstrates that Jurus paid Hamilton $60.00 for "Deed and Affidavit Preparation." Appellant's App. Vol. 2 at 39. Further, the special exceptions section of the ALTA commitment form specifically referenced the "[r]ights, terms, provisions, conditions, and limitations contained in the contract for sale" entered into by Jurus and Bailey. *Id.* at 45. And the sales contract specifically provides that Jurus would "retain[] a life estate in the real estate[.]" *Id.* at 33 (emphasis removed).

[26] Thus, contrary to Hamilton's assertions, Jurus' designated evidence outlines the terms of the contract clearly. Jurus agreed to pay Hamilton a sum of money in exchange for Hamilton drafting a warranty deed that included the life estate. As such, Jurus met her burden to demonstrate the absence of any genuine issue of fact as to a determinative issue. *Hughley*, 15 N.E.3d at 1003. That is, Jurus' designated evidence showed the existence of a contract. In addition, the designated evidence showed that Hamilton breached that contract when it failed to prepare an accurate warranty deed and that Jurus was harmed by that breach when she had to incur legal expenses to correct the deed.

[27] Jurus' designated evidence showed an absence of a genuine issue of material fact regarding her breach-of-contract claim. At that point, the burden shifted to Hamilton to come forward with contrary evidence. But Hamilton did not designate any evidence to the trial court to refute Jurus' evidence regarding the

existence of the contract, Hamilton's breach, or Jurus' harm. As such, the court did not err when it entered summary judgment in favor of Jurus.[2]

## Issue Three: Prejudgment Interest

[28] Finally, Hamilton contends that the trial court abused its discretion when it ordered Hamilton to pay prejudgment interest. When reviewing a decision regarding an award of prejudgment interest, "our standard of review is for an abuse of discretion, focusing on the trial court's threshold determination as to whether the facts satisfy the test for making such an award." *Bopp v. Brames*, 713 N.E.2d 866, 872 (Ind. Ct. App. 1999). Further,

> an award of prejudgment interest in a contract action is warranted if the amount of the claim rests upon a simple calculation and the terms of the contract make such a claim ascertainable. The test for determining whether an award of prejudgment interest is appropriate is whether the damages are complete and may be ascertained as of a particular time. The award is considered proper when the trier of fact need not exercise its judgment to assess the amount of damages.

*Noble Roman's, Inc. v. Ward*, 760 N.E.2d 1132, 1140 (Ind. Ct. App. 2002) (internal citations omitted).

---

[2] In this issue, Hamilton again asserts that Jurus' claim was barred by a statute of limitations. However, that claim is predicated on Hamilton's argument that Jurus did not prove the existence of a written contract. Because we hold that the designated evidence proves that there was a contract between Jurus and Hamilton, we reiterate that the court correctly applied a ten-year statute of limitations applicable to written contracts.

Here, the designated evidence shows that Jurus incurred almost $27,000 in legal fees in order to reform the deeds and to defend an appeal in 2021 and 2022, which fees were incurred only because of Hamilton's error in drafting the warranty deed. Thus, it is apparent that the trial court was not required to exercise any discretion in determining the amount Hamilton owed to Jurus, and there was no dispute as to what that amount was. As a result, Jurus was entitled to prejudgment interest.

## Conclusion

The trial court did not err when it denied Hamilton's motion to dismiss because the face of Jurus' complaint asserted that a written contract existed and that it was breached such that her claim was subject to a ten-year statute of limitations applicable to written contracts. The court also did not err when it entered summary judgment in favor of Jurus because the designated evidence demonstrated that a written contract existed between Jurus and Hamilton, that Hamilton breached the contract, and that Jurus was harmed by that breach. And the court did not abuse its discretion when it awarded Jurus prejudgment interest. We therefore affirm the trial court.

Affirmed.

Brown, J., and Weissmann, J., concur.

ATTORNEYS FOR APPELLANT

Scott J. Fandre
David M. Johnson
Krieg DeVault LLP
Mishawaka, Indiana


ATTORNEY FOR APPELLEE

John William Davis, Jr.
Davis & Roose
Goshen, Indiana